[No. B006840. Second Dist., Div. Five. June 3, 1985.]

FRED FARHAD ESHAGHIAN, Petitioner, v.
THE MUNICIPAL COURT FOR THE LOS ANGELES JUDICIAL
DISTRICT OF LOS ANGELES COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

COUNSEL

Wilbur F. Littlefield, Public Defender, Laurence M. Sarnoff, Sylvia K. Patton and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

No appearance for Respondent.

Gary R. Netzer, City Attorney, and Greg Wolff, Deputy City Attorney, for Real Party in Interest.

OPINION

LAVINE, J.*—This is a petition for a writ of prohibition/mandate directed to the municipal court. The petition already has been heard by the Appellate Department of the Los Angeles Superior Court. An alternative writ issued at the behest of the Supreme Court and a temporary stay order was granted. The essence of the petition is a request for dismissal of the action for failure to give petitioner a speedy trial under Penal Code section 1382, subdivision 3, and to reinstate the public defender as his attorney.

---

*Assigned by the Chairperson of the Judicial Council.

FACTS

Petitioner is charged with one count each of unlawfully retaining lost property (a VISA card) and giving a false name to a police officer. He wants his case dismissed because his speedy trial rights have been violated.

Petitioner was arraigned on June 21, 1984. Since he was not in custody, the People had 45 days to bring him to trial (Pen. Code, § 1382). The 45th day was August 5 (a Sunday) so originally the last day for trial was Monday, August 6.

Petitioner appeared on that day about 4 p.m. in division 21 of the municipal court with his counsel, Deputy Public Defender Sylvia Patton. Ms. Patton was ready for trial but was engaged in trial on another matter. Petitioner indicated he was not willing to waive his speedy trial rights and wanted to go to trial that day. Over his objection (he contends), the trial was continued to the next day on a finding that good cause existed.

The judge explained to petitioner that since the deputy public defender had just started another trial, if petitioner wanted to keep that lawyer (whom the court stated was a very good lawyer), petitioner would have to waive time; that if petitioner did not want to do that he had two other alternatives: First, to represent himself; or second, that another attorney could be appointed for him but that such attorney could not start his case that day without even looking at the file. The court recommended that petitioner opt to keeping the deputy public defender who is one of the finest attorneys in that office. Petitioner exercised the option to have a new attorney appointed, despite the court's warning that he was making a mistake. The court then found that petitioner indicated he wanted counsel appointed after 4 p.m., there are no more jurors, and the deputy public defender is engaged in a jury trial; and therefore found there is good cause to put the matter over until the next day, August 7.

The transcript of certain proceeding held in department 21 on August 6, 1984, is as follows:

"THE COURT: . . . Your attorney has many cases that she is handling. She just started another case today. If you want to keep this lawyer—and she is a very good lawyer—you are going to have to waive time. That means that she will get to your case within ten days of when she finishes this case.

"⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱ ⸱

"THE COURT: What we will do is continue your matter until Wednesday.

We will then either handle your matter on Wednesday or within ten days of Wednesday.

"If you do not agree to that you can represent yourself. Would you like to do that? Or we can have an attorney appointed for you. I can assure you that 4:00 o'clock on a day like today, no attorney in the world is going to start your case today without looking at it, and I seriously doubt that you would want an attorney to start your case today without looking at the file.

"So those are your options.

"THE DEFENDANT: But it is not much to my case, so I really didn't want to plead—I mean waive time.

"THE COURT: I understand that, but right now what you can either do is—Your attorney has been tied up all morning. You have been well aware I have been sitting here; you have been sitting here. We are all in a bind.

"Those are your three choices right now. I would recommend that you keep Miss Patton because she is one of the finest attorneys that the Public Defender's Office has.

"THE DEFENDANT: Yes, I know that.

"THE COURT: As a practical matter, I am telling you that no lawyer worth his salt is going to, at 4:00 o'clock in the afternoon, be able to start a jury trial on your case without ever having seen the file.

"THE DEFENDANT: Maybe—But maybe I go for that, try to explain things to my attorney.

"THE COURT: Which attorney?

"THE DEFENDANT: A new attorney.

"THE COURT: You want a new attorney? Is that what you want, a new attorney?

"Don, see if we can get somebody in here and tell them he won't waive time.

"I think you are making a mistake, sir.

"THE DEFENDANT: If you think I was making a mistake, I was going to maybe change my mind.

"THE COURT: Well, listen, there is—I am telling your right now that, as a practical matter what's going to happen—and use your common sense—a lawyer cannot come into court who has never talked to you before—think about how much time Miss Patton has been talking to you—and handle your case.

"So what the lawyer is going to do is tell you, 'I can't do it today.' So then you are going to have a choice of representing yourself or having a lawyer.

"I am going to give you a minute to think about that. Talk to Miss Patton. (Short break.)

"THE COURT: Okay, has your client thought about the situation?

"THE DEFENDANT: I just hope that we can get an attorney right now.

". . . . . . . . . . . . . . . . . . . . .

"THE COURT: All right, step forward, Mr. Eshaghian.

"Court makes the finding on the record the public defender appeared in this court at 4:00 o'clock this afternoon and immediately became engaged in a jury trial in the matter of Troy Engle, case 31295085. It was after 4:00 o'clock when Mr. Eshaghian indicated that he wished to proceed with appointed counsel on the case.

"There are no more jurors available. The public defender is engaged in a jury trial. Court finds good cause to put this matter over until tomorrow, August 7, 8:30 a.m. in Division 40."

On August 7 (Tuesday), petitioner appeared in division 40 of the municipal court. The deputy public defender was relieved as counsel and Attorney Craig Anderson was appointed. Mr. Anderson, of course, was not prepared so he asked for a continuance to the next day. The continuance was granted (although petitioner claims this was done without his personal consent). A defense motion to dismiss was denied.

Prior to the appointment of Mr. Anderson on August 7, the deputy public defender urged that she was still engaged in trial and would not be ready for three days, that her client wished to have a speedy trial, and wishes to have another attorney appointed to handle the case. The judge replied that he did not know whether another attorney could be ready in three days. The deputy public defender stated that since petitioner has a right to a speedy

trial, he has a right to an attorney who is available that same day, even if the court has found there is good cause to continue it to August 7; and that if the appointed attorney cannot proceed, petitioner has a right to a dismissal. The judge stated he would try to find someone on short notice, but if not, he may still have this deputy public defender represent petitioner. The court found, and apparently appointed, Craig H. Anderson to represent petitioner.

"THE COURT: Eshaghian. This is another case that wants to be able to go to trial right away. How soon would you be able to go to trial on this?

"MR. ANDERSON: I will answer ready on that, Your Honor.

"THE COURT: All right. Obviously tomorrow—are you ready right now?

"MR. ANDERSON: No. Let's have both of them tomorrow."

The record does not show any objection by petitioner to this continuance.

On Wednesday, August 8, all parties appeared in division 45 for trial. The court continued the trial, over defense objection, to August 10.[1]

On August 9 the deputy public defender argued that she had been improperly relieved since the court had to find an attorney who would be ready to try petitioner's case on the date it was set. The court then found that Mr. Anderson had been properly appointed as petitioner's attorney.

On August 10 the People were still not prepared so the trial was continued again to August 13. Once again, the defense moved to dismiss; once again, the motion was denied.

On August 13, the parties appeared for trial in division 13 but the court was engaged in selecting a jury so the case was continued on the court's motion to August 20.

Petitioner's petition for writ of prohibition/mandate in the superior court was denied on August 13. The petition was filed on petitioner's behalf by the public defender. The court in its order stated, "Present counsel has no standing, since the Public Defender was relieved." Petitioner refiled the petition in propria persona on August 14; this petition was summarily denied on August 16.

---

[1]The defense objection on August 8 triggered commencement of the 10-day period, pursuant to Penal Code section 1382.

Petitioner has filed the present petition in propria persona, with the admitted assistance of the public defender which had filed a request to appear as amicus curiae. On March 28, 1985, this court granted the request of the public defender to be appointed as counsel for petitioner.

## ISSUES

1. Was there good cause for the court to continue the case from August 6 to August 7? Yes.

2. On August 7, did petitioner impliedly consent to the case being continued until the next day because his newly appointed attorney, Mr. Anderson, was not prepared to go to trial on August 7? Yes.

3. Assuming arguendo that petitioner did not impliedly consent on August 7 to a further continuance, did consent of his then attorney, Mr. Anderson, to such continuance to August 8 bind the client-petitioner so as to constitute sufficient cause for proper continuance under the authority of *Townsend* v. *Superior Court* (1975) 15 Cal.3d 774, 780-781 [126 Cal.Rptr. 251, 543 P.2d 619] and *People* v. *Johnson* (1980) 26 Cal.3d 557, 570 [162 Cal.Rptr. 431, 606 P.2d 738, 16 A.L.R.4th 1255]? Yes.

4. Was it error to relieve the public defender? No.

5. Is petitioner entitled to have the public defender reappointed to represent him at trial? Yes.

## DISCUSSION

 1. *Was there good cause for the court to continue the case from August 6 to August 7? Yes.*

The deputy public defender did not answer ready on the case until after 4 p.m. The court carefully explained to petitioner that he had three choices: First, to keep Deputy Public Defender Patton who was a very good lawyer; second, to represent himself and go to trial that day; or third, to have a new lawyer appointed if the court indeed could find a new lawyer at that late hour. The court advised petitioner to choose the first alternative and to keep Ms. Patton which would require a continuance, but petitioner insisted he wanted a new attorney. The court granted petitioner his wish, and finding good cause because of the request for new counsel, because there were no more jurors after 4 p.m., and because the public defender was otherwise engaged, continued the case until the next day.

There certainly was good cause for one of three reasons: the lateness of the day, the fact that there were no more jurors, and since a new attorney had to be appointed the court had to find such new attorney.

■ In *People* v. *Johnson, supra,* 26 Cal.3d 557, the court said at page 570: "What constitutes good cause for the delay of a criminal trial is a matter that lies within the discretion of the trial court. . . . In reviewing trial courts' exercise of that discretion, the appellate courts have evolved certain general principles. The courts agree, for example, that delay caused by the conduct of the defendant constitutes good cause to deny his motion to dismiss. [Fn. omitted.] Delay for defendant's benefit also constitutes good cause. [Fn. omitted.] Finally, delay arising from unforeseen circumstances, such as the unexpected illness or unavailability of counsel or witnesses constitutes good cause to avoid dismissal. . . ."

■ The delay initially was caused by the unforeseen unavailability of counsel. It was not until after 4 p.m. that the deputy public defender became engaged in the trial of another matter. This caused her to be unavailable to handle petitioner's case, and constitutes an unforeseen circumstance. So far as the trial court was concerned, it had ordered petitioner to be ready for trial at 10 a.m. that morning. Primarily the continuance was made necessary to comply with the request of petitioner to get new counsel, so it can be said that this continuance was due to the conduct of petitioner. We do not mean to imply that this was wrongful conduct on the part of petitioner, albeit the trial court properly regarded this as a foolish decision on petitioner's part. Thirdly, the continuance was for petitioner's benefit. If petitioner wished to have a new attorney appointed, the court had to find such attorney, for it is obvious that even if it were not after 4 p.m. and even if jurors were available, any new counsel who might be found would have to examine the file, and talk to petitioner at length before being properly prepared to proceed. Hence all three exceptions set forth in *People* v. *Johnson, supra,* 26 Cal.3d 557, exist in this finding of good cause.

2. ■ *On August 7, did petitioner impliedly consent to the case being continued until the next day because his newly appointed attorney, Mr. Anderson, was not prepared to go to trial on August 7? Yes.*

On the previous day, the trial court had carefully explained to petitioner what would happen if a new attorney were appointed, as such new attorney would have to become familiar with the file and talk to petitioner. Exactly that occurred on August 7. Mr. Anderson, the newly appointed counsel, informed the court he would not be ready until the next day. The court accommodated petitioner by thus appointing a counsel who would be ready in the shortest feasible time, namely the day after appointment.

Penal Code section 1382, subdivision 3 provides in part: ". . . except that an action shall not be dismissed under this subdivision (1) if it is set for trial on a date beyond the prescribed period at the request of the defendant or with his consent, express or implied, and the defendant is brought to trial on the date so set for trial or within 10 days thereafter . . . ."

In the absence of an express objection by the defendant, defense counsel's failure to announce ready for trial and failure to object to a continuance constitutes implied consent. (*People* v. *Johnson, supra,* at pp. 568-569; *Townsend* v. *Superior Court, supra,* 15 Cal.3d 774, 783.) The statute itself contemplates that there may be implied consent on the part of a defendant. If there were not this acknowledgment by the Legislature that the consent may be implied from conduct, a sophisticated defendant might keep quiet while his counsel is seeking or consenting to a continuance for defendant's very benefit, and then blandly urge, as in the case at bar, that his silence constitutes failure to consent or even an "implied objection." The record is devoid of any objection on petitioner's part.

*Townsend* v. *Superior Court, supra,* 15 Cal.3d 783, affirms that a defendant's silence constitutes implied consent, stating at page 783: ". . . it was not until November 18 that [defense counsel] was actually and unconditionally free to commence trial proceedings in the case before us. By counsel's failure to object, and in some instances by his affirmative requests for delay, petitioner has effectively consented to every postponement up to and including November 18. When, through counsel, he objected on that date to any further continuance, the critical 10-day period commenced."

An exception to the rule set forth in *Townsend, supra,* 15 Cal.3d 783, that the attorney's failure to announce ready and failure to object to a continuance brings into play a new 10-day period under Penal Code section 1232, subdivision 3, is that consent is not implied if defendant expressly objects, and if the requested continuance is not sought in the best interests of defendant but rather to resolve the attorney's calendar conflict. (*People* v. *Johnson, supra,* 26 Cal.3d 557.)

Since petitioner failed to expressly object, his consent to the continuance to August 8 is implied, and this triggers a new 10-day period under the authority of *Townsend, supra.* This 10-day period expired on August 18, 1984, but since that day fell on a Saturday, the last day for trial would have been Monday, August 20, 1984 (*Owens* v. *Superior Court* (1980) 28 Cal.3d 238, 242-243, fn. 2 [168 Cal.Rptr. 466, 617 P.2d 1098].)

3. ■ *Assuming arguendo that petitioner did not impliedly consent on August 7 to a further continuance, did consent of his then attorney, Mr. Anderson, to such continuance to August 8 bind the client-petitioner so as to constitute sufficient cause for proper continuance under the authority of Townsend v. Superior Court, 15 Cal.2d 774, 780-781 and People v. Johnson (1980) 26 Cal.3d 557, 570? Yes.*

The continuance from August 7 to August 8 was obviously for the benefit of petitioner. His counsel, Mr. Anderson, was newly appointed and asked for the continuance to August 8. Petitioner urges that the court is bound to produce an attorney upon request who is prepared to proceed with defendant's case on the 45th day where a misdemeanor is involved. There is no case or statutory authority for this position. Let us test the proposition to see where this would leave the court, a defendant, and prospective counsel for a defendant. If the public defender is not prepared to go ahead through calendar conflicts, the court allegedly would have been bound to produce a ready, willing and able substitute attorney on August 6th.

If good cause existed on August 6, then on August 7th the court allegedly would be obliged to produce a ready, willing and able attorney to defend petitioner. Where are there competent counsel who are able to take on such a two-count case upon a moment's notice? If there are counsel who would come forward and are willing to answer ready, as the court stated on August 6, would such counsel be worth their salt? Would not the court be obliged to examine counsel to determine if such counsel were truly ready? Despite such oral examination, could the court truly determine whether counsel was in fact ready until the case actually is well along? Would the same rule argued for by petitioner apply to a multicount felony trial, and if not, why not? Would the same rule apply in a case involving capital punishment? Merely putting these questions exposes the fallacy of the argument.

Surely the Legislature did not mean to create this impractical dilemma when enacting and amending section 1382. Even if the wording of section 1382 were capable of petitioner's construction, such construction would fly in the face of federal and California constitutional requirements that a defendant is entitled to the services of not just counsel, but truly competent counsel. Any such forced construction of section 1382 would have to give way to the constitutional right to competent counsel. Then in order for section 1382 to survive constitutional challenge, we would and do give it a construction contrary to petitioner's contention so as to uphold the statute's constitutionality. We construe section 1382 as not entitling petitioner to dismissal under these facts.

4. ▉ *Was it error to relieve the public defender? No.*

The order relieving the public defender was at the request of the deputy public defender who urged that petitioner had "a right to have another attorney appointed. . . ." Since the deputy public defender asked for this ruling, petitioner cannot now claim it was erroneous. (*People v. Crouch* (1982) 131 Cal.App.3d 902, 905 [182 Cal.Rptr. 701].) The court fairly put the options up to petitioner on August 6. Petitioner opted to have a new attorney appointed. The court put into effect petitioner's option on August 7 by relieving the public defender and appointing Attorney Anderson. As discussed above, the court was not obliged to produce on August 6 or even on August 7 newly appointed counsel who would be instantly not only *willing* but also *able* to try the case on August 7. Hence there was no error in relieving the public defender.

5. *Is petitioner entitled to have the public defender reappointed to represent him at trial? Yes.*

▉ The trial court did not err in denying the deputy public defender's later request to be reappointed as counsel. Petitioner never requested trial court either personally or through his counsel, Attorney Anderson, that the latter be relieved and the public defender be reappointed. An indigent defendant does not have the right to have appointed counsel discharged and new counsel substituted in the former's place unless "the record clearly shows that the first appointed counsel is not adequately representing the accused," or that failure to substitute counsel would "substantially impair or deny the right" to competent counsel. (*People v. Marsden* (1970) 2 Cal.3d 118, 123 [84 Cal.Rptr. 156, 465 P.2d 44].) The record is devoid of any necessary showing that Attorney Anderson should be relieved, and that anyone else such as the public defender should be appointed in Attorney Anderson's stead.

▉ On pages 8 and 9 of petition for hearing in the Supreme Court, petitioner requests that his counsel be the Los Angeles County Public Defender, since his trial has in fact been delayed, and the sole reason for his former request that new counsel be appointed was so that he could get a speedy trial. Despite the fact that petitioner has no right to request new trial counsel, in view of our grant of request of the public defender to be appointed counsel for petitioner in this proceeding, there no longer appears to be any good reason why the public defender should not be reappointed as counsel for petitioner for the trial, especially since the public defender has assisted petitioner in this petition proceeding. Therefore should petitioner still desire to have the public defender act as his trial counsel, and if the public defender is willing to be reappointed, the trial court is ordered to

relieve Mr. Anderson as counsel for petitioner and to reappoint the public defender as such trial counsel.

For the reasons set forth above, petitioner has not been denied the right of speedy trial under Penal Code section 1382. In accordance with our rulings above, the writs of prohibition and mandate are denied except that a writ of mandate is granted ordering the court to reappoint the public defender as trial counsel for petitioner.

The temporary trial stay order issued on March 28, 1985, is hereby dissolved.

Ashby, Acting P. J., and Hastings, J., concurred.

A petition for a rehearing was denied July 2, 1985, and petitioner's application for review by the Supreme Court was denied September 25, 1985.