[No. S148712. Aug. 7, 2008.]

VARDUI ROSE BARSAMYAN, Petitioner, v.
APPELLATE DIVISION OF THE SUPERIOR COURT OF LOS ANGELES
COUNTY, Respondent;
THE PEOPLE, Real Party in Interest.

964

COUNSEL

Michael P. Judge, Public Defender, Karen Nash and John Hamilton Scott, Deputy Public Defenders, for Petitioner.

Gary Windom, Public Defender (Riverside) and Richard V. Myers, Deputy Public Defender, for Law Offices of the Riverside County Public Defender as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Rockard J. Delgadillo, City Attorney, Debbie Lew, Assistant City Attorney, Sunnie Lee Daniels, Katharine H. MacKenzie and Candice I. Horikawa, Deputy City Attorneys, for Real Party in Interest.

Steve Cooley, District Attorney (Los Angeles), Lael R. Rubin, Phyllis C. Asayama and Tracey Lopez, Deputy District Attorneys, for Los Angeles County District Attorney as Amicus Curiae on behalf of Real Party in Interest.

OPINION

GEORGE, C. J.—The present case requires us to construe the statutory speedy trial provisions contained in Penal Code section 1382, subdivision (a) (section 1382(a)).[1] The statute requires dismissal of an action if, absent demonstrated good cause, a defendant is not brought to trial within a specified period following arraignment or plea. For persons such as petitioner who are charged with misdemeanors and are not in custody, the statutory period is 45 days. The action will not be dismissed for delay beyond the specified period, however, if the defendant enters a general time waiver or "requests or consents to the setting of a trial date beyond the [statutorily prescribed] period." (§ 1382(a)(2)(B) [felony]; § 1382(a)(3)(B) [misdemeanor or infraction].) But "[w]henever a case is set for trial beyond the [initial statutorily prescribed] period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial *or within 10 days thereafter.*" (§ 1382(a)(2)(B), (3)(B), italics added.)

It is the 10-day grace period that is at issue in the present case. Specifically, we consider whether appointed defense counsel's consent to or request for continuance in one case to accommodate counsel's obligations to a client in another case initiates the commencement of a new 10-day grace period.

---

[1] Statutory references are to the Penal Code unless otherwise indicated.

As we shall explain, we agree with the trial court and the majority in the Court of Appeal that when appointed defense counsel appears for trial in two matters, and the calendar court selects or requires counsel to select a single matter for trial and sends that matter to a trial department for trial, counsel necessarily consents to continuance of the remaining matter. We also agree with the trial court and the majority in the Court of Appeal that when defense counsel consents to continuance in the manner described above, such consent initiates the running of a new 10-day period following the date to which the trial is continued, even if defense counsel objects to a continuance to a date beyond the original 10-day period.

Finally, we conclude that counsel has authority to waive the client's right to be brought to trial within the original 10-day grace period in the absence of a personal objection from the client, even when appointed counsel's calendar congestion is the cause of the delay.

# I

A complaint was filed on June 1, 2005, in the Los Angeles County Superior Court, charging petitioner with misdemeanor grand theft in violation of section 487, subdivision (a). Petitioner was arraigned on the complaint and pleaded not guilty on June 3, 2005. The public defender was appointed to represent her, and she remained out of custody. Trial was set for July 14, 2005. On July 6, 2005, petitioner agreed to the continuance of trial beyond July 18, 2005, the 45th day following arraignment, stipulating to the "People's reasonable continuance." The next hearing was set for August 3, 2005, when petitioner again stipulated to the "People's reasonable continuance" to September 7, 2005.

When the case was called on the latter date, defense counsel stated that the "[d]efense is ready for trial but is still requesting discovery before the trial date." The prosecutor noted that all discovery had been provided to counsel. The court ordered petitioner to return for trial on September 15, 2005, adding that this date was the eighth day of the 10-day grace period that commenced on September 7, 2005.

On September 15, 2005, defense counsel, Ms. Nash, appeared in the calendar court representing petitioner and another client, Gena George. When the George matter was called, the prosecutor estimated the trial in that case would last four days. The court discussed with defense counsel and the prosecutor whether there was a potential for a negotiated disposition in that case. The prosecutor, leaving open the possibility that the People might make an offer, depending upon the contents of a videotape that the trial deputy still had not viewed, stated: "I was prepared to offer, when [the trial deputy] gets

back, if the court could give us a little time, it could be a 602 [misdemeanor trespass]. [¶] . . . [¶] It depends on the video." The court responded: "I will just send it out just in case." Turning to defense counsel, the court inquired: "Then you want to continue the other case?" and counsel responded, "I was going to try to get it sent out at the same time."

The court called petitioner's case. The People announced their readiness for trial, estimating a trial of four days' duration. Defense counsel stated: "Your Honor, on this case I have been trying to work out a dispo. I want to get sent out on both cases because I understand it is the practice to send us out to a dispo court first." The court responded: "Not necessarily; it depends on how many open courts we have." Defense counsel then stated, "Miss George will go to trial." At sidebar, the court and counsel discussed the possibility of a negotiated disposition in petitioner's case. The court then stated it would send both the George matter and petitioner's case out to a trial department for trial.

Thereafter, however, the court announced: "On the two jury trial matters, the Gina George and the Vardui Barsamyan, Department E requested that you designate which one you want to go out on, and I think that was the George matter, and so we will need to continue the Barsamyan matter." Defense counsel responded: "Okay." The court concluded: "The George matter is assigned to Department F, Judge Dabney for trial forthwith."

After a recess, defense counsel attempted to limit her consent to a continuance with the following statement: "Your Honor, on Barsamyan I would ask to trail that to tomorrow. I still haven't heard from the deputy who watched the video [in the George matter, presumably] so that trial might go away." The court responded: "I have been instructed by Department E that if you can't announce ready on both—well, you can't try both, that we need to continue the second one." Defense counsel stated: "I understand that. I am asking to continue it until tomorrow." The court inquired: "As a new zero of ten?" and defense counsel replied, "No, within the period."

The court responded: "I can't do that, so we will need to pick a new zero of ten date on Barsamyan." Defense counsel argued in response: "Your Honor, for the record, I don't think that legally the court can force me to waive time. I am asking to just trail within the period, and we are not waiving time because in my experience, and this is just not the legal reasoning but so the court knows my reasoning . . . is that cases sent out for trial don't go; this other case might resolve today so I am asking to come back on 9 of 10 or 10 of 10." The court replied: "That request to trail is denied, as defense cannot be ready on two different trials at once, unless you wanted to find another trial deputy who is able to step in today to handle Miss Barsamyan's case."

Defense counsel pursued the matter: "Your Honor, for the record, when [the] People aren't ready to go to trial they ask to trail, so I am just asking to trail; that is the same thing that happens all the time when the prosecutors ask to trail when they are not ready." The court denied the request and asked what date defense counsel wanted for the continued trial date. Counsel responded: "Your Honor, I am just asking for a date within the period." The court responded: "I know, but if you are not going to get a date within what you consider to be the period, what date do you want? Tomorrow?" Counsel answered: "I am stuck in a rough spot because I can't, I am not waiving time." The court stated: "I am going to order [petitioner] to return tomorrow as zero of ten." The People agreed to the following day as zero of 10.

Counsel for petitioner announced readiness for trial on September 16, 2005. Defense counsel added that she had not been actually engaged in trial in the George matter on the previous day, because the George matter had been resolved through a negotiated disposition. The court explained that when defense counsel was sent out for trial in the George case, she no longer was ready for trial in petitioner's case and that the September 16, 2005, hearing represented day zero of 10. The court continued the matter to September 22, 2005, over defense counsel's objection. The matter was advanced to September 21, 2005, and counsel for petitioner moved to dismiss for delay in prosecution. After the trial court denied the motion, petitioner sought a writ of mandate and/or prohibition in the appellate division of the superior court. Petitioner contended that defense counsel are authorized to "be ready in more than on[e] case on the same day, and . . . petitioner's counsel never became engaged in any conflicting trial. Consequently, petitioner did not consent to any delay in [her] trial. Moreover, even had there been such consent, it was to a date within statutory time limits, which thus remained in effect. The delay beyond September 19, 2005, exceeded the time limits [of section 1382(a)] and was without good cause. Consequently, petitioner's motion to dismiss should have been granted." The petition was summarily denied, and petitioner filed a petition for writ of mandate in the Court of Appeal. By a divided decision, the Court of Appeal denied the petition, and we granted the petition for review filed by petitioner.

## II

Section 1382(a) provides in pertinent part: "The court, unless good cause to the contrary is shown, shall order the action to be dismissed in the following cases: [¶] . . . [¶] (3) . . . [W]hen a defendant in a misdemeanor . . . case is not brought to trial . . . within 45 days after the defendant's arraignment or entry of the plea . . . . However, an action shall not be dismissed under this subdivision if any of the following circumstances exist: [¶] (A) The defendant enters a general waiver . . . . [¶] (B) The defendant

requests or consents to the setting of a trial date beyond the . . . 45-day period. In the absence of an express general time waiver from the defendant, the court shall set a trial date. Whenever a case is set for trial beyond the . . . 45-day period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter."

■ We examine the text of this statute with the purpose of understanding and giving effect to legislative intent. (See *People v. Standish* (2006) 38 Cal.4th 858, 869 [43 Cal.Rptr.3d 785, 135 P.3d 32]; *People v. Statum* (2002) 28 Cal.4th 682, 689 [122 Cal.Rptr.2d 572, 50 P.3d 355].)

### A

As can be seen from the face of the statute, a defendant's consent to or request for postponement of trial is critical to identifying the governing 10-day grace period.

■ Defense counsel, as part of his or her control of the procedural aspects of a trial, ordinarily has authority to waive the statutory speedy trial rights of his or her client, even over the client's objection, as long as counsel is acting competently in the client's best interest. (*People v. Harrison* (2005) 35 Cal.4th 208, 225 [25 Cal.Rptr.3d 224, 106 P.3d 895]; *Townsend v. Superior Court* (1975) 15 Cal.3d 774, 781, 784 [126 Cal.Rptr. 251, 543 P.2d 619] (*Townsend*).) This is because statutory speedy trial rights are not among those rights that are considered so fundamental that they are "beyond counsel's primary control." (*Townsend, supra,* 15 Cal.3d at p. 781; cf. *New York v. Hill* (2000) 528 U.S. 110, 114–115 [145 L.Ed.2d 560, 120 S.Ct. 659] [recognizing the authority of defense counsel to waive specified federal statutory speedy trial rights].) On the other hand, our concern for the client's right to the assistance of unconflicted counsel has led us to conclude that appointed defense counsel lacks authority to waive his or her client's statutory speedy trial rights when the client personally *objects* to a continuance and the sole reason for the continuance is defense counsel's obligation to another client. (*People v. Wright* (1990) 52 Cal.3d 367, 389 [276 Cal.Rptr. 731, 802 P.2d 221]; *People v. Johnson* (1980) 26 Cal.3d 557, 566–569 [162 Cal.Rptr. 431, 606 P.2d 738] (*Johnson*); see also *Eshaghian v. Municipal Court* (1985) 168 Cal.App.3d 1070, 1080 [214 Cal.Rptr. 712].)

■ A waiver of statutory speedy trial rights occurs when defense counsel consents to or requests a delay in the proceedings. Consent may be express or implied (§ 1382(a)(2)(B), (3)(B)), and is inferred from silence. "[F]ailure of defendant or his counsel to make timely objection to a postponement constitutes implied consent to the postponement." (*Johnson, supra,* 26 Cal.3d

at p. 567, fn. 7; see *People v. Wilson* (1963) 60 Cal.2d 139, 146 [32 Cal.Rptr. 44, 383 P.2d 452]; see also Judicial Council of Cal., Seventeenth Biennial Report (1959) p. 31; Note, *Selected 1959 Code Legislation* (1959) 34 State Bar J. 583, 717–718 [§ 1382, as amended in 1959, was intended to codify the rule that "a postponement is attributable to defendant not only when he requests a continuance, but also when he . . . consents, either expressly or impliedly, to a continuance requested by the prosecution. Implied consent is the failure to object"].)

Petitioner contends that her counsel did not consent to delay within the meaning of section 1382(a)(3)(B), because counsel asked that both the George and the Barsamyan matters be sent to the trial department, refused to waive time, and repeatedly objected to delay beyond the original 10-day period. As is evident, counsel did request a postponement of one or two days, and in any event the question remains whether counsel's inability to bring petitioner Barsamyan's case to trial on September 15, 2005, constituted implied consent to postponement within the meaning of section 1382(a)(3)(B).

■ A defense attorney's implied consent to postponement arises in certain circumstances when counsel has conflicting obligations to more than one client. (*Townsend, supra,* 15 Cal.3d at p. 783; *People v. Superior Court (Alexander)* (1995) 31 Cal.App.4th 1119, 1131 [37 Cal.Rptr.2d 729] (*Alexander*).)

As we shall explain, counsel necessarily consents to postponement when he or she is not unconditionally ready for immediate trial due to conflicting commitments to other clients. In the present case, when the trial court required counsel to designate a single case to be sent to the trial department for trial, and thereafter assigned the George matter to the trial department, counsel was unable to bring petitioner's case to immediate trial.

■ At the outset, we note the importance of counsel's preparedness for immediate trial in the context of section 1382(a)(3)(B). In order to *initiate* the 10-day grace period, counsel must announce readiness for trial, an announcement that comprises a claim of readiness for *immediate* trial. "In criminal prosecutions, an announcement of readiness has become, through custom and practice, a term constituting an express representation of ability and willingness to submit to *immediate* trial. . . . As of the moment a defendant announces 'ready' on the last continuance date . . . he is submitting himself to being brought to trial immediately. At that moment, defendant would have a right to immediate trial but for the fact that the 10-day grace period automatically comes into operation." (*Bryant v. Superior Court* (1986) 186 Cal.App.3d 483, 498–499 [230 Cal.Rptr. 777] (*Bryant*).) In the context of

section 1382(a)(3)(B)'s 10-day rule, in initiating the 10-day grace period a defendant is representing that he or she is ready to go to trial immediately, with the understanding that the prosecution has a 10-day grace period in which to actually bring the case to trial. (*Bryant, supra*, 186 Cal.App.3d at pp. 498–499; see also *Medina v. Superior Court* (2000) 79 Cal.App.4th 1280, 1289 [94 Cal.Rptr.2d 770].)

Readiness for trial remains pertinent to the question of consent to postponement within the meaning of section 1382(a)(3)(B). We find guidance in *Townsend, supra*, 15 Cal.3d 774. In that case, in concluding that the trial had commenced within the 10-day grace period contemplated by section 1382, we referred to the following sequence of events. The court set the first trial date beyond the initial 60-day period established by section 1382 for persons charged with felonies. Additional continuances occurred at the request of the defendant's appointed counsel, but over the defendant's continuing personal objection. The case was set for trial on November 7, 1974, but the defendant's attorney was engaged in another trial on that date and a substitute deputy public defender agreed to continue the case from day to day until defense counsel became available. Daily continuances ensued until defense counsel announced "readiness" for trial on November 12, 1974, in the defendant's case, but also informed the court that "he was 'trailing' in another case," the Bond matter, which defense counsel believed to be the "more pressing" of the two cases. (15 Cal.3d at p. 778.) Defense counsel requested that the defendant's case "be trailed from day to day," pending his completion of the Bond trial. On November 13, defense counsel made the same representation and request, and on Friday, November 15, he appeared and announced to the court that the Bond matter would be tried that afternoon and that he would be available immediately thereafter to bring Townsend's case to trial. The court reset the case for Monday, November 18, when the defense and the prosecution appeared and announced readiness for trial. Over defense objection that November 18 was the last of the 10 days in which the defendant could be brought to trial, the case was continued to November 25 due to the unavailability of a trial court.

We considered the defendant's contention that the 10-day grace period began to run on November 12, 1974, when defense counsel announced readiness for trial but requested that the matter be trailed from day to day because of his obligations to another client. The defendant asserted that although the 10-day period may have been tolled for one day between November 12 and 18 while his attorney was occupied by the Bond trial, the 10-day period expired prior to November 25. We commented that neither the statute nor case law supported the "tolling" theory. (*Townsend, supra*, 15 Cal.3d at p. 782.) Our decision concluded that, in any event, the 10-day period did not commence prior to November 18, because counsel did not object to delay on November 12, but rather requested that the trial "trail from

day to day until he had finished 'the Bond matter.' " (*Ibid.*) The same situation occurred on November 15 when defense counsel informed the court that the Bond trial would conclude that afternoon, and agreed to a trial date of November 18. (*Id.* at pp. 782–783.)

Because the defense attorney had announced readiness for trial on November 12 but at the same time informed the court that he was "trailing" in another case that he deemed more pressing, we concluded that, under these circumstances, although "counsel responded that he was 'ready' for trial, in truth and in fact he was not 'ready' to proceed because of *legitimate commitments in another case* and it was not until November 18 that he was *actually and unconditionally free to commence trial proceedings . . .*" on behalf of defendant Townsend. (*Townsend, supra,* 15 Cal.3d at p. 783, italics added.) We held that "[b]y counsel's failure to object, and in some instances by his affirmative requests for delay, [the defense] has effectively consented to every postponement up to and including November 18." (*Ibid.*)

█ In sum, in *Townsend* we concluded that, barring ineffective assistance of counsel, the defense necessarily consents to postponement when defense counsel, because of legitimate obligations to another client, is not "actually and unconditionally free to commence trial proceedings" in the defendant's case. (*Townsend, supra,* 15 Cal.3d at p. 783.)

A deputy public defender can and often must be prepared for trial in a number of cases set for trial on the same date. But once the court selects or counsel agrees on which case will go to trial and the court sends that case to an open trial department, although defense counsel remains unconditionally ready for immediate trial in *that* case, the defense is no longer ready for immediate trial in the *other* cases. At this point the attorney is not "actually and unconditionally free to commence trial proceedings" in the remaining cases. Because of her conflicting obligations to another client, defense counsel in the present case was not "actually and unconditionally free" to try petitioner's case on September 15, 2005, once the court determined that the George matter would be sent to a trial department. When the court sent the George matter to trial, defense counsel necessarily consented to further continuance of petitioner's case.

Petitioner contends it is not appropriate to infer consent to continuance in one case until defense counsel actually begins a trial in another case. Petitioner contends that, because the George matter did not go to trial on September 15, 2005 (as counsel informed the court the following day), petitioner's attorney never engaged in a conflicting trial and the defense could not be charged with consent to or request for delay in the present case. She claims that the 10-day grace period contemplated by section 1382(a)(3)(B)

began on September 7, 2005, when counsel announced she was ready for trial, and concluded on September 19, 2005, the Monday following the 10th day.[2]

■ We are not persuaded. Nothing in the language of section 1382(a)(3)(B) requires the court to disrupt the calling of the calendar or to keep defense witnesses and the prosecution and its witnesses waiting all day—or potentially for more than a day—in one case while negotiations occur in the trial department on another case. The requirement advocated by petitioner would be impractical and would place an undue burden on the calendar department of the superior court. As real party in interest points out, counsel's conflicting obligation may be to a client whose case may be heard in a distant courthouse or even in another county's superior court. The court should not be required to hold its calendar in abeyance until one of counsel's cases either commences trial or is otherwise resolved.

We find support in *Alexander, supra,* 31 Cal.App.4th 1119, for the conclusion we reach. In that case the calendar court *unilaterally* decided which case to send to trial when a defense attorney had multiple cases that were set for trial on the same date, and thereafter continued the attorney's other cases. The reviewing court disapproved of this practice, because the court made that decision in the *absence* of the defendant and defense counsel. In those circumstances, the defense could not be charged with having consented to the postponement. (*Id.* at pp. 1131, 1133.)

■ Acknowledging the heavy caseload faced by courts as well as by counsel (*Alexander, supra,* 31 Cal.App.4th at pp. 1128–1129, fn. 8), the *Alexander* decision recommended that trial courts adopt the following procedure, pursuant to which consent to postponement of conflicting cases properly could be implied: "Defense counsel should [in person] inform 'the court of every case in which he is presently prepared for trial, even if trial dates may conflict, so that the court can determine the order in which the cases should be tried.' [Citation.] If the court then assigns case 'A' for trial, trails the other 'last-day' cases without objection from those defendants, and commences trial in case 'A,' the consent of the defendants in the remaining cases to continue their matters is implied. [Citation.] In the trailing cases, once defense counsel announces 'ready,' the 10-day grace period is triggered, giving the People 10

---

[2] Real party in interest claims that contrary to the assumption of the trial court, the 10-day period did not commence on September 7, 2005, because defense counsel's statement of readiness was not unequivocal on that date. Defense counsel's announcement of readiness was accompanied by a statement that all discovery had not yet been received. The Court of Appeal majority expressed some sympathy for real party's claim but did not decide the case upon that ground. Instead, the court reached other issues and ultimately simply assumed that a 10-day grace period commenced on September 7. Because the Court of Appeal did not resolve this claim, we also decline to reach the issue.

days to bring the matter to trial." (*Alexander, supra,* 31 Cal.App.4th at pp. 1130–1131, fn. omitted.)

The appellate court in *Alexander* identified two events—the assignment of a conflicting case for trial and the commencement of trial in the conflicting case—as pertinent to the issue of whether the defendant had consented to a continuance. The court explained that it had no occasion to render a decision concerning which of the two events marked the point at which the defendant's consent was implied, but it suggested in dicta that it was unnecessary that trial have commenced. The court noted that in *Townsend,* we observed that the defense attorney was not ready because of " 'legitimate commitments in another case,' " even though an actual trial had not commenced. (*Alexander, supra,* 31 Cal.App.4th at p. 1131, fn. 10.)

Petitioner contends that, even if the court need not wait until a conflicting trial actually commences, an attorney cannot be said to have a conflicting obligation rendering him or her not "ready" for trial unless, when the conflicting case is sent to the trial department, it is *inevitable* that the case will proceed to trial. Petitioner fails to supply any authority in support of this "inevitability" standard; she merely asserts that trial in the George matter was *not* inevitable on September 15. We do not perceive how a calendar court can determine accurately which cases "inevitably" will proceed to trial, and we do not believe that such a standard could prove workable in congested criminal calendar departments.

Petitioner warns that appointed counsel must be permitted to answer ready in more than one case, citing practical considerations and also relying upon a footnote in our decision in *Johnson, supra,* 26 Cal.3d 557, which commented: "In analyzing the record in *Townsend* we stated at one point that '[w]hile the record discloses that on November 12 defense counsel responded that he was "ready" for trial, in truth and in fact he was not "ready" to proceed because of legitimate commitments in another case . . . .' [Citation.] We agree with the suggestion of the Los Angeles County Public Defender that this language should not be construed to prevent defense counsel from informing the court of every case in which he is presently prepared for trial, even if trial dates may conflict, so that the court can determine the order in which the cases should be tried." (*Id.* at p. 568, fn. 9.)

We do not suggest today, however, that an attorney may not announce readiness for trial in more than one case prior to the assignment of any particular case to a trial department. Such a rule would place an intolerable burden upon the defense, essentially ensuring that the multiple cases set for trial every day by a busy public defender's office would be subject to continuance attributable to the defense every time they were called,

even when a defense attorney and a courtroom were available for trial of one of those cases. We conclude, however, that once the calendar department selects or requires counsel to select one of his or her competing cases for trial and sends the case to the trial department for trial, the attorney no longer can be considered ready to proceed in the remaining cases set for the same day. The language petitioner quotes from *Johnson, supra,* 26 Cal.3d 557, does not suggest otherwise.

## B

Petitioner claims that, assuming some form of consent to postponement on the part of her counsel, the consent extended only to a date within the original 10-day period. She claims that counsel's restricted consent did not initiate the running of a new 10-day period. We are not persuaded.

■ As stated above, the pertinent statutory language provides that when the defendant has "request[ed] or consent[ed] to the setting of a trial date" beyond the initial statutorily prescribed period, "the court shall set a trial date." It further provides that "[w]henever a case is set for trial beyond the [initial statutory] period by request or consent, expressed or implied, of the defendant without a general waiver, the defendant shall be brought to trial on the date set for trial or within 10 days thereafter." (§ 1382(a)(3)(B).)

■ On its face, the statutory language indicates that *whenever* a defendant consents to or requests any new trial date beyond the initial statutory period, the defendant must be brought to trial on *that* trial date or within 10 days *thereafter*—that is, 10 days subsequent to the last date to which the defendant consented. " 'The statute provides that an action need not be dismissed if it is set for trial beyond the 60-day period with the consent of the defendant and if defendant is brought to trial within 10 days thereafter. The word "thereafter" refers back to the date the case was set with the defendant's consent.' " (*Townsend, supra,* 15 Cal.3d at p. 783, quoting *Tudman v. Superior Court* (1972) 29 Cal.App.3d 129, 132–133 [105 Cal.Rptr. 391]; see also *Bryant, supra,* 186 Cal.App.3d at pp. 489–490.)

Reviewing courts routinely examine the record for the *last* date to which the defendant consented for the purpose of initiating the 10-day period— even, in some instances, when the defendant already had announced readiness for trial at some earlier point. (See *Townsend, supra,* 15 Cal.3d at p. 783; see also *Owens v. Superior Court* (1980) 28 Cal.3d 238, 247, fn. 8 [168 Cal.Rptr. 466, 617 P.2d 1098] (*Owens*); *Malengo v. Municipal Court* (1961) 56 Cal.2d 813, 816 [17 Cal.Rptr. 10, 366 P.2d 453] (*Malengo*).) One court described the rule as follows: "The 10-day period does not begin to run until the defendant announces ready for trial on the date to which the trial was continued, or on a

*later* date to which the defendant impliedly or expressly consented if the case was *again* continued." (*Medina v. Superior Court, supra,* 79 Cal.App.4th at p. 1286, italics added.)

 Nor is there authority for the proposition that petitioner's request to "trail" somehow was not a request for continuance. For the purpose of section 1382(a)(3)(B), a defense attorney's request to "trail" for a day within the 10-day grace period because of a calendar conflict is an indication that counsel is not prepared to bring the case to immediate trial, and is indistinguishable from a request for continuance. (See *Townsend, supra,* 15 Cal.3d at p. 783 [defense counsel's request to trail within the 10-day grace period constituted an "affirmative request[] for delay"]; *Stephens v. Municipal Court* (1986) 180 Cal.App.3d 189, 195 [225 Cal.Rptr. 508].)

Our conclusion is consistent with the legislative history of the enactment. Prior to the 1959 amendment of section 1382 that created this 10-day period, case law supported the view that "a defendant was entitled to go to trial, in cases where he had consented to a continuance beyond the [initial] prescribed period, *on* the date to which he *last* consented unless good cause for further delay was shown. [Citation]." (*Malengo, supra,* 56 Cal.2d at p. 815, italics added; see also *Owens, supra,* 28 Cal.3d at p. 244.) It is evident that such a rule subjected the prosecution to considerable time pressure.

In connection with the 1959 clarification and reform of section 1382, the Legislature acted on a Judicial Council recommendation that the statute be amended to establish that the prosecution is not required to be prepared to go to trial *on* the last day of continuance beyond the 60-day period, but would be afforded a 10-day grace period " 'after the *last date* for trial to which the defendant consented.' " (*Owens, supra,* 28 Cal.3d at p. 245, italics added, quoting Judicial Council of Cal., Seventeenth Biennial Report, *supra,* p. 32; see also Note, *Selected 1959 Code Legislation, supra,* 34 State Bar J. at pp. 717–718 ["Previously, if postponement of a trial was attributable to defendant, his right to a speedy trial was clouded [citations]. Now, when defendant secures postponement to a date beyond the statutory period of § 1382, the case must be dismissed unless defendant is brought to trial within 10 days after the last date for trial to which he himself has consented (Pen. Code § 1382)" (boldface omitted)]; *Tudman v. Superior Court, supra,* 29 Cal.App.3d at p. 133.) As we explained in *Owens, supra,* 28 Cal.3d 238, because the Judicial Council's proposed amendment to section 1382 was adopted verbatim in the 1959 legislative enactment, we can conclude that the Judicial Council's explanation of the measure reflected legislative intent. (*Owens, supra,* 28 Cal.3d at p. 246.)

Petitioner counters that we concluded in *Owens, supra,* 28 Cal.3d 238, that the *initial* 60-day period (or 45-day period in the case of misdemeanor

charges) established by section 1382(a) would *not* be tolled by a defense request for a continuance to a date *within* the initial period. Thus if petitioner had requested a continuance to a date within the initial 45-day period, the request would not have initiated a new 45-day period, nor would it have tolled that period during the defense-requested continuance. Petitioner argues that the reasoning of *Owens* would dictate that defense requests for delay to a date within the 10-day grace period likewise should not toll or recommence that period.

We find petitioner's argument unpersuasive. Further examination of our decision in *Owens, supra,* 28 Cal.3d 238, demonstrates that the discussion upon which petitioner relies concerned the initial 45- or 60-day statutory period and turned primarily upon the pertinent statutory language and its legislative history—language inapplicable to the 10-day grace period.

In *Owens,* the People contended that defense requests for delays within the initial 60-day statutory period tolled or extended the 60-day period, but we disagreed. We explained that "[p]rior to 1959, the statutory right to dismissal for noncompliance with the 60-day requirement was extended only to 'a defendant, whose trial has not been postponed upon his application . . . .' There was no provision for a 10-day 'grace period,' and the statute was unclear as to whether an accused who obtained a postponement of his trial to a date past the 60-day limit thereby lost forever his statutory rights to a speedy trial and a dismissal. Moreover, section 1382 did not indicate whether these statutory rights were affected by an accused's request for a postponement to a date *within* the 60-day period." (*Owens, supra,* 28 Cal.3d at p. 244, fn. omitted.) Referring to the *initial* statutory period, we stated that "the Judicial Council's explanation of its recommendation can leave little doubt that the Legislature . . . intended the 1959 amendment to 'establish [] that dismissal under Section 1382 may be had even though the defendant has previously consented to a delay beyond the statutory period' and to 'eliminat[e] the possibility that delays attributable to a defendant which are wholly within the statutory period may prevent dismissal.' [Citation.] These desired effects are incompatible with a rule that delays requested by the accused toll the running of the statutory period." (*Id.* at p. 246, fn. omitted.)

We explained that, on its face, the statute does not "mention . . . suspending the running of the 60-day period. It provides that an accused is entitled to be brought to trial 'within 60 days after the finding of the indictment or the filing of the information . . . .' This unqualified language seems to require a trial within 60 consecutive calendar days of the filing of an information. This is consistent with the method of computing time which is ordinarily employed in this state. (See Code Civ. Proc., § 12.) Had the Legislature intended that the 60 days were to consist only of those days of

delay not requested by the accused, it would surely have made explicit provision for such an adjustment." (*Owens, supra,* 28 Cal.3d at pp. 243–244, fn. omitted.)[3]

As can be seen from the description above, the conclusion we reached in *Owens* rested upon our effort to construe the statutory language governing the initial period in which a defendant is to be brought to trial. The 10-day grace period, on the other hand, was created by distinct statutory language focused upon the defendant's request for or consent to delay as a guidepost marking the point that initiates the 10-day period in which the prosecution must bring the case to trial. Indeed, in *Owens,* we viewed the 10-day grace period as running from the *last* date (beyond the initial statutory period) to which the defense has consented. (*Owens, supra,* 28 Cal.3d at pp. 245, 247.) In effect, the statute contemplates a moving starting point for the 10-day grace period. By contrast, the language governing the initial 45-day or 60-day period employs a fixed starting point that is independent of any consent on the part of the defendant. The statutory language concerning this initial period does not refer to requests for continuance within this period, unlike the language governing the initiation of the 10-day grace period.

Petitioner counters that not every failure to object to a continuance within the 10-day grace period initiates a new 10-day period. Petitioner cites a case holding that a defendant's failure to object—ordinarily treated as consent, as we have seen—to a prosecutor's request to trail from day to day *within* the 10-day period does *not* initiate a new 10-day period each time the case is trailed. (See *Bryant, supra,* 186 Cal.App.3d 483.) But the reason for this rule is plain, and, as we shall explain, does not apply when the delay is attributable to the defense.

In addition to enabling courts to ensure the availability of judicial re-sources, the 10-day grace period afforded by section 1382(a)(3)(B) serves the interests of both the prosecution and of the defendants because, while maintaining the defendant's right to speedy trial, it also "protects the People by giving them 10 days if necessary." (*Medina v. Superior Court, supra,* 79 Cal.App.4th at p. 1287; see also *Bailon v. Appellate Division* (2002) 98 Cal.App.4th 1331, 1345–1346 [120 Cal.Rptr.2d 360].) Implicitly recognizing

---

[3] In addition, we expressed concern that the rule advocated by the prosecution, namely that defense continuances should toll the initial statutory period, would lead to gamesmanship and "endless wrangling" to determine whether a delay stemmed from the prosecution or the defense. (*Owens, supra,* 28 Cal.3d at p. 248.) We also referred to the extensive period that is afforded to the prosecution for preparation for trial. (*Id.* at p. 249.) Noting our Legislature's effort to protect the accused's right to speedy trial as well as the interest of the people of the state in speedy determinations in criminal cases (see Cal. Const., art. I, § 29, subsequently enacted in 1990), we cautioned that the right to speedy trial should not be weakened in the manner suggested by the prosecution.

the importance to the prosecution of having the *full* 10 days available to it, various decisions have concluded that a court should not enter a dismissal pursuant to section 1382 for prosecutorial delay *within* the 10 days even in the absence of a showing of good cause for delay. (*Malengo, supra,* 56 Cal.2d at pp. 815–816; *Alexander, supra,* 31 Cal.App.4th at p. 1131, and cases cited; *People v. Ferguson* (1990) 218 Cal.App.3d 1173, 1180–1181 [267 Cal.Rptr. 528]; *Bryant, supra,* 186 Cal.App.3d at pp. 496–497; *People v. Hernandez* (1979) 97 Cal.App.3d 451, 454–455 [158 Cal.Rptr. 742], and cases cited; see also *Bailon v. Appellate Division, supra,* 98 Cal.App.4th at pp. 1345–1346 [although the prosecution is entitled to the full 10 days established by § 1382, it can stipulate to a shorter period].)

Accordingly, as the court observed in the *Bryant* decision, a defense objection concerning a prosecutor's request to trail within the 10-day period would "serve[] no pragmatic function." (*Bryant, supra,* 186 Cal.App.3d at p. 499.) It would not be reasonable to infer that the defense voluntarily consents to a continuance under these circumstances. As the court stated in *Bryant*: "In effect, the 10-day grace period, by precluding any effective defense objection, effects the consent of the defendant to be brought to trial at any time within the 10-day period. Given this compelled consent, by operation of law, . . . it is logically inconsistent to conclude that defendant's failure to expressly object to trailings within the 10 days constitutes an implicit consent to further delay within that period." (*Ibid.*)

By contrast, it *is* reasonable to find consent to a new trial date when the delay within the 10-day grace period is attributable to the defense. Once the defendant has announced readiness for trial and initiated the running of the 10-day period, as we have seen, the defendant essentially has demanded immediate trial, subject to the prosecution's 10-day grace period. If defense counsel is not available on a trial date during the 10-day period, the delay *is* attributable to the defense, and it is reasonable to infer, at least in the absence of a personal objection by the defendant, that the defense consents to or requests a further continuance. After all, in this circumstance it is the defense that is demanding that the prosecution and the courts commit all possible resources to try the defendant within that brief period, subject to the sanction of dismissal upon failure to do so without legal cause.

We believe the 10-day grace period, although still brief enough to protect adequately a defendant's right to speedy trial, was intended to afford the prosecution a grace period in which to secure its witnesses and a courtroom for trial. When a defendant appears on the trial date and requires a later trial within the 10-day period, especially at a point late in that period, both the prosecution's ability to secure the attendance of witnesses and the court's ability to provide a forum for the trial are impaired.

We acknowledge that the prosecution, public defenders, and the courts all must juggle heavy caseloads. If a defense request to trail within the 10-day grace period were not to operate to recommence the 10-day period following the new trial date, the burden would fall on the prosecution and the court—on pain of dismissal—to ensure that a courtroom is available and that the prosecutor and all of his or her witnesses also are available on the new date, which may fall close to or on the final date for trial permitted under the statute. If a defense request reinitiates the 10-day period, on the other hand, the burden falls upon the defense—but the defense thereby suffers only a brief delay, at least part of which actually serves the defense's interest. Under these circumstances, we conclude it is reasonable and consistent with legislative intent to recognize that the burden of remaining prepared and available rests upon the defendant.

## C

The dissenting justice in the Court of Appeal, followed here by petitioner, relied upon this court's decision in *Johnson, supra,* 26 Cal.3d 557, to support the proposition that the consent to postponement attributable to petitioner's counsel was not binding on petitioner because the delay was attributable to appointed defense counsel's conflicting obligations to other clients. The dissenting justice cited the *Johnson* decision to support the broad claim (based upon equal protection principles) that an indigent defendant's speedy trial rights should not be subordinated to the needs of an overburdened public defender's office.

In *Johnson, supra,* 26 Cal.3d 557, we decided that under the circumstances of that case, the appointed defense counsel lacked authority to waive his client's statutory speedy trial rights. (*Id.* at p. 568.) We explained that appointed defense counsel may not override the defendant's *personal objection* to a continuance when the sole reason for the continuance is counsel's need to accommodate his or her obligations to other clients and not to serve the particular defendant's best interest. "The power of appointed counsel to control judicial strategy and to waive nonfundamental rights despite his client's objection [citation] presumes effective counsel acting for the best interest of the client." (*Id.* at p. 566, fn. omitted.) We added that "defense counsel should not be placed in a situation in which he must subordinate the right of one client to a speedy trial to the rights of another client; once counsel must confront that dilemma, his best efforts may be insufficient to protect the individual rights of each of his clients." (*Id.* at p. 568, fn. 10.) We warned that section 1382(a) would be rendered meaningless if defense counsel could delay trial endlessly to accommodate their own calendar conflicts.

We concluded that "the consent of appointed counsel to a postponement of trial beyond the statutory period, if given solely to resolve a calendar conflict and not to promote the best interests of his client, cannot stand unless supported by the express or implied consent of the client himself." (*Johnson, supra,* 26 Cal.3d at p. 567, fn. omitted.) We noted, however, that "failure of defendant or his counsel to make timely objection to a postponement constitutes implied consent to the postponement." (*Id.* at p. 567, fn. 7.) We also concluded that our *Townsend* decision did not suggest a different result, because it, too, acknowledged that exceptional circumstances such as ineffective assistance of counsel could render inoperative the waiver of speedy trial rights by counsel over the client's objection. (*Johnson,* at p. 567.)

In that part of our decision in *Johnson* in which we were called upon to determine whether appointed counsel's congested trial schedule constituted *good cause* for continuance, we observed that ordinarily a delay for the defendant's benefit or for certain unforeseen circumstances constitutes "good cause to avoid dismissal." (*Johnson, supra,* 26 Cal.3d at p. 570.) The right to speedy trial might be violated, however, if delay occurs simply because of routine "failure of the state to provide enough courtrooms or judges to enable defendant to come to trial within the statutory period. The right may also be denied by failure to provide enough public defenders or appointed counsel, so that an indigent must choose between the right to a speedy trial and the right to representation by competent counsel." (*Id.* at p. 571.) We concluded that chronic overloading of appointed counsel and "routine assignment of heavy caseloads to understaffed offices, when such practice foreseeably will result in the delay of trials beyond [the statutory period] *without defendant's consent,* can and must be avoided." (*Id.* at p. 572, italics added.) As we further observed: "A facile assumption that conflicts in the calendar of the public defender constitute good cause for delay may result in denying indigent defendants the equal protection of the laws." (*Ibid.*)

In the present case, we acknowledge the concern of the dissenting justice that indigence should not cause defendants to lose their right to speedy trial at the hands of an overworked public defender's office. In *Johnson,* however, although we acknowledged equal protection concerns in deciding that appointed counsel's chronic calendar congestion did not constitute good cause for delay over the defendant's personal objection, we did not disapprove the rule that counsel generally have authority to waive their client's statutory right to speedy trial. Throughout our opinion, we explained that counsel lacked authority to waive the client's right *over the client's express objection* when the reason is solely to accommodate appointed counsel's conflicting obligations to *other* clients. (*Johnson, supra,* 26 Cal.3d at pp. 567 & fn. 7, 568–569.) We stressed that the defendant must object personally to a proposed continuance in order to preserve the claim that counsel improperly

waived his or her client's speedy trial rights. (*Ibid.*; see also *Eshaghian v. Municipal Court, supra*, 168 Cal.App.3d at p. 1080.)

■ The circumstance that petitioner did not object *personally* when defense counsel consented to a continuance serves to distinguish the present case from *Johnson, supra*, 26 Cal.3d 557. If petitioner personally had objected to the one or two days' continuance contemplated by her counsel, she might have been offered alternative counsel who could be ready for immediate trial—as the trial court itself recognized. Because she did not object, that option was not explored. In the absence of an objection, she is not entitled to dismissal. Contrary to the view of the dissenting justice in the present case, counsel's objection to a trial date later than September 18 does not change this result. Counsel had authority to and did consent to postponement of petitioner's trial once the George matter was selected as counsel's sole case to be sent to the trial department for trial. Despite counsel's attempt to restrict consent to a single day within the original 10-day period, trial counsel's consent to a new 10-day grace period was initiated by operation of law, without respect to counsel's contrary desire for a shorter continuance, and counsel's consent bound petitioner in the absence of a personal objection on petitioner's part.[4]

## III

For the foregoing reasons, the judgment of the Court of Appeal is affirmed.

Kennard, J., Baxter, J., Werdegar, J., Chin, J., Moreno, J., and Corrigan, J., concurred.

Petitioner's petition for a rehearing was denied October 1, 2008, and the opinion was modified to read as printed above. Kennard, J., did not participate therein.

---

[4] Because we conclude that our decision in *Johnson, supra*, 26 Cal.3d 557, does not support petitioner's claim that she was entitled to dismissal, we do not consider the request of real party in interest that we reexamine that decision.