[Crim. No. 4685. Second Dist., Div. One. Dec. 11, 1951.]

THE PEOPLE, Respondent, v. FRANK PORTER GREENE, Appellant.

138

Frank Porter Greene, in pro. per., for Appellant.

Edmund G. Brown, Attorney General, and Stanford D. Herlick, Deputy Attorney General, for Respondent.

WHITE, P. J.—In an information filed by the District Attorney of Los Angeles County, defendant was charged in four counts with the crime of robbery and in a fifth count with the offense of kidnapping for the purpose of robbery while armed with a deadly weapon. It was further alleged in each count that defendant had suffered a prior conviction of the crime of robbery as well as a prior conviction for violation of section 503 of the Vehicle Code of the State of California, both felonies. Defendant pleaded not guilty to all counts of the information, not guilty by reason of insanity, and denied the alleged prior convictions. Subsequently however, the prior convictions were admitted. Trial by jury being waived the cause was submitted to the court resulting in a decision finding defendant not guilty of kidnapping as charged in Count V and guilty of robbery as charged in Counts I, II, III and IV. Defendant was also found to have been sane at the time of the commission of the offenses and sane at the time of trial. From the judgments of conviction defendant prosecutes this appeal.

Since defendant first challenges the validity of his convictions on the ground that he was not afforded a speedy trial, we here set forth the proceedings in chronological order as reflected by the clerk's transcript:

"June 22, 1950—Information filed.

"June 26, 1950—Defendant arraigned; Public Defender appointed as defendant's counsel; case continued until July 10 at defendant's request.

"July 10, 1950—Defendant entered a plea of not guilty as charged in the information and denied the prior conviction and cause set for trial for August 7, 1950.

"August 7, 1950—W. W. Larsen was substituted as attorney for defendant. At this time a copy of the preliminary transcript and a copy of the information had already been delivered to defendant personally. On motion of defendant, the case was continued to September 11, 1950.

"August 21, 1950—Plea of not guilty by reason of insanity entered by defendant and psychiatrists appointed.

"September 11, 1950—Jury trial was waived; defendant offered a stipulation to submit matter on preliminary transcript and requested a continuance to October 2, 1950. The case was then continued to October 9, 1950. It was stipulated that the cause could be submitted on the testimony contained in the transcript of the proceedings had at the preliminary examination. Jury was waived as to the issue of insanity and it was stipulated that the court might determine that matter from the reports of the psychiatrists.

"October 9, 1950—At defendant's request, the matter was continued to November 13, 1950.

"November 13, 1950—At defendant's request the case was continued to January 8, 1951.

"January 8, 1951—At defendant's request case continued to January 15, 1951.

"January 15, 1951—It was stipulated that the issue of insanity could be submitted upon the reports of the three court-appointed psychiatrists and that said reports could be considered as evidence upon the merits of the case. Appellant was rearraigned and admitted the prior convictions as alleged. The court stated that he had read the transcript and that it was clear that appellant had pointed a gun at each of the victims. He found, however, that there was no evidence that the gun was loaded; that it was a dangerous but not a deadly weapon. Defendant was found sane at the time of the commission of the offenses and, pursuant to stipulation, also presently sane. Leave to file application for probation was granted.

"February 13, 1951—Application for probation was denied and defendant was sentenced to the state prison for the term prescribed by law, sentences to run concurrently."

We deem it unnecessary to here set forth a statement of the facts which gave rise to this prosecution, as disclosed by the record, because it is not contended that the evidence is insufficient to justify defendant's conviction on the four counts of robbery charged against him, or that he was not sane at the time of the commission of said offenses and at the time of his trial.

Appellant's first contention is that the judgments should be reversed and the cause ordered dismissed on the ground that the action was not brought to trial within 60 days after the filing of the information (Pen. Code, § 1382, subd. 2).

█ The right to a speedy trial to which an accused is entitled under article I, section 13 of our state Constitution, and that a trial must be had within the time provided by subdivision 2 of section 1382 of the Penal Code, is a right which may be waived. ██ Appellant herein not only failed to claim this right in the trial court and acquiesced in the continuances granted therein, but, as reflected by the record, he sought such postponements. In fact, on the 60th day after the filing of the information, that is on August 21, 1950, appellant entered a plea of not guilty by reason of insanity and psychiatrists were appointed.

The trial was originally set for August 7, 1950, 46 days after the information was filed. Thereafter, six continuances were had until the matter was finally disposed of on January 15, 1951. Each of these continuances was had at the request of appellant or his counsel. No objection having been made in the trial court to postponements, and no motion having been made under section 1382 of the Penal Code to dismiss, such a motion cannot now be made (*People* v. *Scott*, 74 Cal.App.2d 782, 783, 784 [169 P.2d 970]; *People* v. *Dale*, 79 Cal.App.2d 370, 378 [179 P.2d 870]). The factual situation here present is much different from that presented in the case of *People* v. *Fegelman*, 66 Cal.App.2d 950 [153 P.2d 436]. In that case the accused very strenuously objected to the continuance beyond the 60-day period, while in the case at bar, appellant not only did not object, but himself sought the continuances. While it is true that appellant was not personally present on October 9, 1950 when, at the request of his counsel, the cause was continued to November 13, he was present on the last-mentioned date when, at his request, the cause was continued to January 8, 1951, on which date, with him present, a further continuance was ordered at his request until January 15, 1951.

It is next contended by appellant that at the preliminary examination he ''was denied the right to secure counsel and was severely rebuked by the presiding magistrate for seeking counsel.''

An examination of the proceedings had at the preliminary examination does not support appellant in this contention. █ He makes no claim that at his arraignment he was not informed of his legal rights. It must therefore, be presumed that when the magistrate advised him of his ''legal rights'' at the arraignment he also advised appellant of his right to the aid of counsel in every stage of the proceedings (Pen. Code, § 858). █ Having been advised of his legal right

to the aid of counsel and having been given ample opportunity to secure legal aid, it was not necessary that appellant be represented by an attorney at such preliminary hearing (*People* v. *Rebolledo,* 93 Cal.App.2d 261, 263, 264 [209 P.2d 16]). In the instant case the record reflects that after appellant was given some three weeks within which to procure counsel and had failed to do so, the court refused to continue the preliminary examination. The futility of any further extension of time is indicated by the fact that when appellant was arraigned in the superior court some two weeks after the preliminary examination he had not then obtained counsel and the public defender was appointed.

Appellant's contention that he was "severely rebuked by the magistrate for seeking counsel" is not borne out by the record. An examination of the transcript of the preliminary examination shows that appellant admitted he did not have the means to secure counsel and was depending upon a former employer to "take care of that." In refusing a continuance, the magistrate advised appellant of the purpose of the preliminary examination and suggested to him that he do not testify. And when appellant indicated a desire to waive preliminary examination the magistrate advised against it saying, "There is a procedure for doing that. However, it does not save time, and if you are later represented by the Public Defender's office, or by private counsel, he would rather you had not, so it is better for the People's evidence to be in writing. He will get a copy of it before a plea is entered, and he can weigh it and evaluate it and see what they have. It will be there in writing for him, and that is the best way to proceed, sir."

Furthermore, when appellant secured counsel at the time of arraignment in the superior court, no motion was made questioning the validity of the proceedings in the court of the committing magistrate. Section 995 of the Penal Code provides a remedy for setting aside, upon defendant's motion, an information, when it appears that before the filing thereof, the accused had not been legally committed by a magistrate. Section 996 of the same code provides that if the motion to set aside the information is not made in the trial court, the defendant is thereafter precluded from taking the objections mentioned.

Since appellant, through his counsel in the trial court, failed to make such a motion, and failed to address himself to the discretion of the court in this respect, but on the contrary

chose to submit the case on the transcritp of the preliminary examination, he is foreclosed from raising the objections suggested herein. (*People* v. *Greene*, 80 Cal.App.2d 745, 748, 749 [182 P.2d 576]). Since the proceeding here in question was a preliminary examination and there was no plea of guilty or a waiver of preliminary examination (Pen. Code,· §§ 859a, 860), the presence of counsel representing appellant was not mandatory after reasonable time had been afforded him to secure legal aid.

Appellant relies strongly on the case of *People* v. *Napthaly*, 105 Cal. 641 [39 P. 29], but it does not aid him. In the cited case, the accused, before pleading, moved to set aside the information on the grounds that he had not been legally committed by a magistrate. Because the defendant in that case had not been advised of his right to counsel at the preliminary hearing the judgment of conviction was reversed and the trial court was directed to set aside the information. In the case at bar, appellant made no such motion in the trial court and, as heretofore pointed out, is precluded thereafter from challenging the legality of his commitment by the magistrate.

In the case now engaging our attention no error is claimed to have occurred during the proceedings had at the trial save and except that appellant contends that the trial judge did not read the transcript of testimony taken at the preliminary examination and upon which transcript the cause was submitted. This contention is totally devoid of merit. The remarks of the trial judge at the time he found appellant guilty and at the time of the pronouncing of judgment clearly indicate that the court not only read the preliminary examination transcript but was fully conversant with its contents. There is also a rebuttable presumption "that official duty has been regularly performed" (Code Civ. Proc., § 1963, subd. 15), which in this case was not controverted by other evidence.

 It does not appear that appellant was deprived of any substantial right by reason of the fact that he was not represented by counsel at the preliminary hearing where he was afforded and exercised the opportunity of cross-examining the prosecution's witness. Appellant does not now contend that the evidence is insufficient to sustain the convictions. Neither does he contend he is innocent, and at the trial he did not take the stand to deny his guilt, from which it may be inferred that he gave no explanation of the evidence produced against him because he had none, and that he uttered no denial because such evidence was not false (*People* v. *Adamson*, 27 Cal.

2d 478, 488, 489 [165 P.2d 3] ; *People* v. *Platnick,* 71 Cal.App. 2d 767, 770, 771 [163 P.2d 766]).

The judgments appealed from are and each is affirmed.

Doran, J., and Drapeau, J., concurred.