[Crim. No. 5304.  In Bank.  June 17, 1952.]

In re PAUL RAYMOND LOPEZ, on Habeas Corpus.

Arthur D. Klang and Albert E. Polonsky for Petitioner.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, Thomas C. Lynch, District Attorney (San Francisco), Cecil Poole, Assistant District Attorney, and Raymond D. Williamson for Respondents.

SHENK, J.—This is a petition for the writ of habeas corpus or other appropriate writ to obtain dismissal of a pending prosecution for lack of a speedy trial pursuant to section 1382 of the Penal Code.

The petitioner, referred to herein as the defendant, was informed against on November 9, 1951, on a charge of grand theft. He was arraigned on November 16th and pleaded not guilty. At that time the case was continued to November 26th to be set. On that date the trial was set for December 20, 1951. When called for trial, the case was continued with the consent of the defendant to December 27th. On December 27th, again with his consent, the trial was continued to January 17, 1952. On that date the defendant announced that he was ready for trial. He objected to a further continuance requested by the district attorney and moved for dismissal pursuant to section 1382. His motion was denied and the trial was continued to January 24th. On January 24th, he again announced that he was ready, objected to a further continuance, and renewed his motion to dismiss. The motion was denied and the trial date reset for February 4th. When he appeared for trial he objected to a further continuance, and renewed his motion for dismissal. His motion was denied and over his objection the trial was continued to and commenced on February 7, 1952. On that day this court issued an order to show cause why the prosecution should not be dismissed. Upon the service of this order the trial court continued the further trial pending the determination of this proceeding. No writ has been issued.

The return to the order to show cause sets forth the reasons claimed to be good cause for the postponements. It is shown that each time when continuances were granted commencing on January 17, 1952, the last trial date to which the defendant had consented, the court was engaged in the trial of other cases. The defendant does not question that such was the condition of the court calendar, but contends that his trial should have preceded the trials in four cases where the information was filed after the date of filing in his case; that all of them were tried before his trial commenced on February 7th; and that in one the defendant was out on bail while this defendant was not on bail. It does not appear that the trial court without sufficient reason set the defendant's trial for a date later than the trial in any of such cases. Any contention in this respect is met by the answer to the question whether good cause existed for delay in the defendant's trial.

As applicable here subdivision 2 of section 1382 of the Penal Code provides that the court, unless good cause to the

120

contrary is shown, must order the prosecution dismissed if a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior court within 60 days after the filing of the information.

The defendant's consent to the postponement of his trial is equivalent to a postponement on his application and is sufficient cause for the delay. (*Ray* v. *Superior Court*, 208 Cal. 357 [281 P. 391] ; *People* v. *Santos*, 134 Cal.App. 736, 744. [26 P.2d 522].)

As the record shows, the agreed continuances brought the postponement by the defendant's consent to January 17th, a date beyond the 60-day period from the filing of the information. On January 17th, therefore, the defendant had no good reason for insisting upon a dismissal. But his consent to delay beyond the 60-day period does not amount to a waiver of his constitutional right to a speedy trial nor of the requirement that further delay must be justified on grounds of reasonableness and good cause. (*People* v. *Duffy*, 110 Cal.App. 631 [294 P. 496] ; *People* v. *Santos, supra*, 134 Cal.App. 736, 744.)

The defendant was not entitled to go to trial as of right on the day to which he last consented if good cause appeared for further delay. But the further delay must not be unreasonable and good cause is shown where the condition of the court's business would not permit the trial to proceed. (*People* v. *Benc*, 130 Cal. 159, 162 [62 P. 404] ; *Harris* v. *Municipal Court*, 209 Cal. 55 [285 P. 699] ; *People* v. *Fegelman*, 66 Cal.App.2d 950 [153 P.2d 436] ; *People* v. *George*, 91 Cal.App.2d 537, 540-544 [205 P.2d 464] ; *People* v. *Brower*, 92 Cal.App.2d 562, 566-569 [207 P.2d 571].)

The foregoing cases define what is a speedy trial in the constitutional sense and as required by section 1382 of the Penal Code. They also indicate that the question depends on the circumstances of each case bearing on the factors of good cause and the reasonable exercise of discretion in allowing postponements. (See, also, *People* v. *Godlewski*, 22 Cal. 2d 677, 682 [140 P.2d 381] ; *People* v. *Burns*, 128 Cal.App. 226 [16 P.2d 1015].)

As stated, the unquestioned fact that the trial court was engaged in the trial of other cases constituted good cause for the delay. The time intervening between January 17th, the last agreed trial date, and February 7th, when the trial actually commenced, was not unreasonable in view of that condition of court business. Therefore a sufficient answer to

the defendant's motion and to his application here is that good cause appears for continuing the case beyond the 60-day period (1) by the consent of the defendant to postponement of the trial beyond the 60-day period, and (2) by the reasonableness of the delay thereafter due to the fact that the court was engaged in the trial of other cases.

The order to show cause is discharged and the petition for a writ is denied.

Gibson, C. J., Edmonds, J., Carter, J., Traynor, J., and Spence, J., concurred.

Schauer, J., dissented.

Petitioner's application for a rehearing was denied July 10, 1952. Schauer, J., was of the opinion that the application should be granted.