[Civ. No. 20955.   Second Dist., Div. Three.   Apr. 26, 1955.]

RUSSELL BULLET STEWART, Petitioner, v. THE SUPERIOR COURT OF LOS ANGELES COUNTY, Respondent.

Harold Rhoden for Petitioner.

Harold W. Kennedy, County Counsel (Los Angeles), and William E. Lamoreaux, Deputy County Counsel, for Respondent.

VALLÉE, J.—Petitioner seeks a peremptory writ of mandamus commanding the superior court to dismiss a criminal

action pending against him on the ground he has not been brought to trial within 60 days after the filing of the information as required by section 1382 of the Penal Code.

On December 30, 1954 an information was filed charging petitioner with the crime of burglary. On December 31 he was arraigned, pleaded not guilty, and his trial was set for March 1, 1955. March 1, 1955 was the 61st day after the filing of the information. At the time the cause was set for trial defendant and his counsel waived "time for trial." On March 1 petitioner answered he was ready for trial, but the court continued the trial to March 2; and on that date it continued the trial to March 3. On March 3 petitioner refused to consent to a continuance and moved the court to dismiss the action pursuant to section 1382 of the Penal Code. The motion was denied and the trial was continued to March 4. On March 4 petitioner again refused to consent to a continuance and moved the dismissal of the action. The motion was denied, the trial was continued to April 12, and defendant was released on his own recognizance. The ground for each continuance was that there was no department of the superior court available for trial of petitioner's cause.

Section 1382 of the Penal Code provides:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: . . . 2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior court within 60 days after the . . . filing of the information. . . ."

The right of a defendant to a trial within the 60-day period may be waived. (*People* v. *Greene*, 108 Cal.App.2d 136, 140 [238 P.2d 616].) The consent of a defendant that his trial be set for a date beyond the 60-day limit is equivalent to a postponement upon his application within the meaning of section 1382. (*People* v. *George*, 91 Cal. App.2d 537, 540 [205 P.2d 464].) In *People* v. *O'Leary*, 130 Cal.App.2d 430 [278 P.2d 933], this court said (p. 436):

"The purpose of an objection to a trial date beyond the 60-day period is to give the court an opportunity to fix an earlier date. If an objection is not made within the 60-day period, it cannot validly be made at all."

Since petitioner expressly consented to the cause being set for trial on March 1, 1955, he waived his right to be brought to trial within the 60-day period.

Petitioner argues that his consent was only to a trial

on March 1, 1955 and, at most, to a trial on March 3; and that if it is held that by consenting to a trial after the 60-day period he consented to a trial after March 3, he could be tried years after the filing of the information. The argument is unsound. The Constitution gives a defendant "the right to a speedy and public trial." (Const., art. I, § 13.) On facts identical with those in the case at bar the court in *In re Lopez*, 39 Cal.2d 118 [245 P.2d 1], said (p. 120):

"But his consent to delay beyond the 60-day period does not amount to a waiver of his constitutional right to a speedy trial nor of the requirement that further delay must be justified on grounds of reasonableness and good cause. [Citations.]

"The defendant was not entitled to go to trial as of right on the day to which he last consented if good cause appeared for further delay. But the further delay must not be unreasonable and good cause is shown where the condition of the court's business would not permit the trial to proceed. [Citations.]

"The foregoing cases define what is a speedy trial in the constitutional sense and as required by section 1382 of the Penal Code. They also indicate that the question depends on the circumstances of each case bearing on the factors of good cause and the reasonable exercise of discretion in allowing postponements."

In the present case the minutes of the court of March 1, 2, and 3 state that on each of those dates the cause was continued because of a congested calendar. The minutes of March 4 recite "Because of congested calendar, trial continued to April 12, 1955, 9:00 A M." We must assume that had this proceeding not been instituted, petitioner would have been tried on April 12. In an affidavit of petitioner's counsel filed with the petition it is stated on information and belief that on March 3 and 4 only 8 of the 59 judges of the superior court presiding at the county seat were assigned to departments for the trial of criminal cases and that on those dates 29 civil cases were assigned for trial to the civil departments of the court. These statements are not denied by respondent. This procedure, of course, was contrary to the requirements of section 1050 of the Penal Code: "Criminal cases shall be given precedence over all civil matters and proceedings." However if, in view of the availability of open departments of the court, good cause did not exist for the continuance from March 4 to April 12, the question

remains whether the continuance for 40 days deprived the petitioner of the right to a speedy trial. We are of the opinion that the time intervening between March 3, the last agreed trial date, and April 12, when the trial was to have commenced, was not unreasonable.

The alternative writ is discharged. A peremptory writ is denied.

Shinn, P. J., and Wood (Parker), J., concurred.

Petitioner's application for a hearing by the Supreme Court was denied June 23, 1955. Carter, J., and Schauer, J., were of the opinion that the petition should be granted.