[Crim. No. 5902.   Second Dist., Div. Two.   Aug. 1, 1957.]

THE PEOPLE, Respondent, v. EUGENE J. SMITH, Appellant.

Walter L. Gordon, Jr., for Appellant.

Edmund G. Brown, Attorney General, Clarence A. Linn, Assistant Attorney General, and Victor Griffith, Deputy Attorney General, for Respondent.

FOX, J.—Appellant's sole ground of appeal is that the court erred in denying his motion to dismiss because his case was not brought to trial within 60 days after filing the information, as provided in Penal Code, section 1382, subdivision 2.

An information charging appellant and defendants Mitchell and Lynch with three counts of robbery was filed on September 7, 1956. The case was initially set for trial on the following October 25th. On that date the trial was continued, with appellant's consent, to Monday, November 5th, because of a congested court calendar. When the case was called for trial on the latter date, the People and counsel for the other

defendants indicated they were ready. Mr. Gordon, however, representing appellant, reminded the judge that he was engaged in trial of another case in that department, and inquired whether this case could trail. At that point Mr. Rosen, representing defendant Lynch, stated that he understood the case then on trial in which Mr. Gordon was counsel, would last "anyway until Thursday." He advised the court that he was due to go to trial in a civil case on Wednesday, and that if this criminal case could not go to trial on that day (November 5th), he would appreciate its going over to some reasonable future date. Mr. Gordon then informed the court that the defendants were in custody and wanted to go to trial, and that he understood the People had a witness there from San Diego. The deputy district attorney confirmed the fact that the People had present an out-of-town witness. Mr. Gordon then stated, "I think that in deference to both the witnesses for the People and to the State, and inasmuch as this is a criminal case, it should take priority over any civil sitting [sic]. I'd prefer that this matter trail until we finish this case here in this courtroom." After some further colloquy between counsel for the other defendants and the court in an effort to find a satisfactory date, the case was continued to November 20th.

When the case was called for trial on November 20th appellant moved to dismiss on the ground that, over his objection, he had not been brought to trial within 60 days after the filing of the information as provided by Penal Code, section 1382, subdivision 2.* The motion was denied. Having been convicted, he appeals from both the judgment and the order denying his motion for a new trial.

██ The record reveals that when the parties were in court on Monday, November 5th, that was the 59th day after the filing of the information. The résumé of what transpired on that occasion discloses that appellant was not ready to proceed because his attorney was engaged in trying a case in that very court. As a consequence, his attorney suggested that the case trail the one on trial. Comment then was made by Mr. Rosen that he understood the case that appellant's coun-

---

*The pertinent portion of Penal Code, section 1382, subdivision 2, reads as follows:

"The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases:

.    .    .    .    .    .    .    .    .    .

"2. If a defendant, whose trial has not been postponed upon his application, is not brought to trial in a superior court within sixty days after the finding of the indictment, or filing of the information . . .''

sel was trying would not be concluded before Thursday. Appellant's counsel did not question the accuracy of such observation. It is therefore a reasonable inference that the case counsel was then trying would not be concluded before that date. Appellant's request that his case trail the one in which his counsel was engaged was, in effect, an application for a continuance to Thursday, which was the 62d day after the information was filed. By making this application appellant waived the right to be tried within the 60-day period (*People* v. *Greene,* 108 Cal.App.2d 136, 140 [238 P.2d 616]) and consented that his trial be set for a date beyond that period. ▮ *Stewart* v. *Superior Court,* 132 Cal.App.2d 536 [282 P.2d 582], is apposite on this point. At page 537 the court stated: "The consent of a defendant that his trial be set for a date beyond the 60-day limit is equivalent to a postponement upon his application within the meaning of section 1382." It is therefore clear that appellant's motion to dismiss was properly denied.

Appellant states that "On November 5, 1956, defense counsel strenuously objected to the continuance. . . ." The résumé of the proceedings in the trial court on that day does not sustain his position. He was not objecting to a continuance. He was, in fact, seeking one, because his attorney was engaged in the trial of another criminal case at that time. He merely expressed a preference as to the date to which the case would be continued. He preferred that it trail the case in which his attorney was engaged rather than go over to the 20th. But this avails him nothing, for even the earlier date was beyond the 60-day period. (*Stewart* v. *Superior Court, supra.*)

▮ Appellant's waiver of trial within the 60-day period does not, of course amount to a waiver of his constitutional right to a speedy trial (Cal. Const., art. I, § 13) nor a waiver of the requirement that further delay must be reasonable and for good cause. (*In re Lopez,* 39 Cal.2d 118, 121 [245 P.2d 1].) ▮ Here the delay was approximately two weeks, which was clearly not unreasonable, and good cause is shown by the congestion of the court's calendar. (*In re Lopez, supra.*)

It is thus apparent that neither appellant's statutory nor constitutional rights were violated by the continuance of the trial in his case.

The judgment and the order denying defendant's motion for a new trial are affirmed.

Moore, P. J., and Ashburn, J., concurred.