Appellate Department, Superior Court, Los Angeles

[Crim. A. No. 4557. Mar. 24, 1961.]

THE PEOPLE, Appellant, v. VERNON DALE BREWER, Respondent.

William B. McKesson, District Attorney, Harry Wood and Harry B. Sondheim, Deputy District Attorneys, for Appellant.

Kenton E. Krogstad and Charles E. Frisco for Respondent.

SWAIN, P. J.—The People appeal from an order dismissing the action. On November 10, 1960, the trial was set for December 8, 1960, which was the 31st day after the defendant was arrested and brought within the jurisdiction of the court. On November 10, 1960, the defendant was not represented by counsel. He was not informed of his right to a trial within 30 days and did not at that time waive his right to be tried within 30 days, i.e., on or before December 7, 1960. ''After the arraignment and before November 16, 1960, the Defendant retained his instant counsel.'' (Respondent's Brief, p. 2, lines 8-9.) On November 23, 1960, respondent's counsel signed and swore to an affidavit which he attached to a notice of motion for order to inspect and copy statements and reports of prosecution witnesses, which affidavit states, among other things: ''that said reports are necessary to the proper preparation and trial of this case on behalf of the defendant, especially with reference to cross-examination of the prosecution's witnesses.'' This affidavit and the said notice of motion were filed November 25, 1960. The motion was noticed for November 29, 1960, and was heard that day, taken under submission and granted December 2, 1960. At no time prior to trial did the attorney after becoming counsel for defendant make any objection to the date although he was diligently preparing for trial. In addition to that, on December 7, 1960, which was the last day of the 30-day period, he signed a certificate which states ''That in reviewing my notes in preparation for trial, I discovered that this case was set more than 30 days after this defendant was arrested and brought within the jurisdiction of the Court (November 5, 1960 and November 7, 1960).'' He filed this December 8, 1960, in support of a motion to dismiss on the ground that the case was set for trial beyond 30 days within the meaning of section 1382,

subdivision 3, of the Penal Code. The motion was subsequently granted. The People appealed from that order.

 The appellant claims that the defendant impliedly consented to the trial date after he was represented by counsel and thereby waived the 30-day limitation of Penal Code, section 1382, subdivision 3. The respondent claims there was no waiver. The answer to the problem turns on the interpretation of the 1959 amendment to that subsection. This is a case of first impression. Penal Code, section 1382, provides: "The court, unless good cause to the contrary is shown, must order the action to be dismissed in the following cases: ... 3. When a defendant in a misdemeanor case in an inferior court is not brought to trial within 30 days after he is arrested and brought within the jurisdiction of the court . . . except that an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 30-day period at the request of the defendant *or with his consent, express or implied. . . .*" (Emphasis added.) Then follows the 1959 amendment, "If the defendant is not represented by counsel, he shall not be deemed under this section to have consented to the date for his trial unless the court has explained to him his rights under this section and the effect of his consent." It is undisputed that the court did not explain to the defendant his rights under this section.

The respondent correctly claims that, at the arraignment, he did not consent to the trial date. However, thereafter, he was represented by counsel for several weeks before the expiration of the 30-day period. There is nothing in the 1959 amendment which, during the time defendant is represented by counsel, precludes the application of the general rule in said subdivision 3 that "an action shall not be dismissed under this subdivision if it is set for trial on a date beyond the 30-day period" with the consent, express or implied of the defendant. It is unthinkable that a defendant cannot waive the 30-day period after the setting date. It may even be the law that if the defendant had done nothing until trial, his silence after employing counsel would have been a waiver but that is a question we do not need to decide at the present time. Defendant was not silent after employing counsel. His attorney moved for the assistance of the court in preparing for trial. His motion for inspection of the police records was made only in contemplation of the trial. Furthermore, on December 7, 1960, defendant's counsel not only knew the date of trial but he knew that it was beyond the 30-day limit,

as is seen from his certificate of that date. Despite that he remained silent. After the defendant retained counsel there was ample time to object to the trial date before the expiration of the 30 days.

That objection to the date of trial is waived unless objection is made within the 30-day period is clear from the following cases dealing with felonies. We hold that the same principle applies to misdemeanor cases during the period the defendant is represented by counsel although at the time of setting he appeared in propria persona.

, *People* v. *Martinez* (1956), 145 Cal.App.2d 361, 365 [302 P.2d 643], states: "It is not the policy of the law to permit a person thus to keep his silence, take his chance on getting a favorable verdict and, if he loses, at some later time (perhaps after the statute of limitations has run) come in and void the judgment by raising a point which if timely raised would have allowed the filing of a new information before the running of the statute and while the state's witnesses were still available."

This was quoted with approval in *People* v. *Contrerai* (1959), 172 Cal.App.2d 369, which on page 371 [341 P.2d 849], also states: "In *People* v. *O'Leary,* 130 Cal.App.2d 430 [278 P.2d 933], this court said (p. 436) : 'The purpose of an objection to a trial date beyond the 60-day period is to give the court an opportunity to fix an earlier date. If an objection is not made within the 60-day period, it cannot validly be made at all.' " See also *People* v. *Encinas* (1960), 186 Cal.App.2d 12, 16 [8 Cal.Rptr. 624]. The above from *O'Leary* is quoted with approval in *Stewart* v. *Superior Court* (1955), 132 Cal.App.2d 536, 537 [282 P.2d 582]. A hearing by the Supreme Court was denied.

The case of *Gregory* v. *Justice Court* (1959), 168 Cal.App.2d 719 [336 P.2d 584], does not purport to alter the rule of the above cases but cites the O'Leary case with approval. The Gregory case is distinguishable on its facts. Among other distinguishing features the order setting the case for trial was not made until one and one-half months after the 30-day period had expired. Furthermore no affirmative action whatsoever was taken by defendant or his attorney within the period.

The fact that the dismissal of this action would be a bar to any other prosecution for the same offense (Pen. Code, § 1387) is another reason why we believe the legislature did

not intend that the 1959 amendment of Penal Code, section 1382, should be interpreted to extend that amendment beyond its express terms.

The judgment (referred to in notice of appeal as "order dismissing the complaint") is reversed with directions to proceed with the trial.

Huls, J., and Smith, J., concurred.