Filed 7/2/12

# IN THE SUPREME COURT OF CALIFORNIA

| | | |
|---|---|---|
| DONALD SMITH, | ) | |
| | ) | |
| Petitioner, | ) | |
| | ) | S188068 |
| v. | ) | |
| | ) | Ct.App. 1/5 A124763 |
| THE SUPERIOR COURT OF THE CITY | ) | |
| AND COUNTY OF SAN FRANCISCO, | ) | |
| | ) | San Francisco City and |
| Respondent; | ) | County Super. Ct. No. 207788 |
| | ) | |
| THE PEOPLE, | ) | |
| | ) | |
| Real Party in Interest. | ) | |
| _____ | ) | |

Under Penal Code section 1382, a defendant charged with a felony is entitled to be brought to trial within 60 days of arraignment unless (1) the defendant has expressly or impliedly consented to having trial set for a date beyond that period, or (2) there is "good cause" for the delay. (Pen. Code, § 1382, subd. (a)(2).)[1] When a defendant's trial has been properly continued to a date beyond the 60-day period, section 1382 further provides that the defendant is entitled to be brought to trial on the new trial date "or within 10 days thereafter." (§ 1382, subd. (a)(2)(B).) In the present case, we consider application of these

---

[1] All further statutory references are to the Penal Code.

1

rules when the prosecution seeks to try jointly charged defendants in a single joint trial.

The Court of Appeal acknowledged that when the trial date of one jointly charged defendant is continued beyond the 60-day period for good cause, the trial date of a second jointly charged defendant may also be continued to maintain joinder. It concluded, however, that a further continuance of the first defendant's trial to a date within section 1382's 10-day period is not a basis for continuing the second defendant's trial to maintain joinder. The Court of Appeal held that the second jointly charged defendant has the right to insist that his or her trial commence immediately, requiring either a severance of the charges into two trials or the immediate commencement of a joint trial notwithstanding the 10-day period authorized by section 1382.

As we explain, prior California decisions establish that the substantial state interests in trying jointly charged defendants in a single trial constitute good cause under section 1382 to continue the second jointly charged defendant's trial for a reasonable period of time in order to retain joinder. In addition, the legislative history of section 1382 reflects that the Legislature has determined the 10-day period authorized by section 1382 represents, as a matter of law, a reasonable period of time to bring a case to trial after it has been continued beyond the 60-day period. Therefore, when the circumstances of one defendant cause a trial to be continued beyond the 60-day period, there is good cause to continue a codefendant's trial to a date within section 1382's 10-day grace period to permit the defendants to be tried jointly.

Because the Court of Appeal reached a contrary conclusion, we reverse the judgment.

## I. FACTS AND PROCEDURAL HISTORY

### A. Facts

On February 10, 2009, the District Attorney of the City and County of San Francisco filed an information jointly charging Donald Smith (Smith) and Christopher Sims (Sims) with one felony count of first degree residential burglary.[2] (§ 459.) They were arraigned the next day. Smith did not waive his statutory right to be brought to trial within 60 days of his arraignment. (See § 1382, subd. (a)(2).) Therefore, the last day for the case to be brought to trial within the 60-day period set forth in section 1382 was Monday, April 13.

Sims's counsel was ill on April 13. Over Smith's objection, the trial court ruled that counsel's illness constituted good cause to continue the trial of both defendants past the 60th day, and ordered the case to trail day to day. Sims's counsel remained ill on April 14, and the trial court found good cause to continue the case to April 16, on which date the court continued it again to April 17. Smith objected to both of these continuances. On Friday, April 17, Sims's counsel appeared and reported to the court that he would be recovered adequately to try a case "in a relatively short period of time." In response, the court continued the case to Wednesday, April 22, again over Smith's objection.

It is unclear what occurred on April 22, but on April 23, the trial court confirmed that Sims's counsel would be recovered and ready to proceed to trial on Monday, April 27. The court stated that that circumstance "means the last day for trial, according to case law, would be 10 days after Monday April 27th. [¶] So by my calculations, May 7th would be the last day." Smith's counsel responded, "that would be over our objection."

---

[2] All dates are in 2009.

On April 27, in the absence of Smith's counsel, the trial court continued the matter to April 28. The prosecutor then asked Sims's counsel, "can we put that matter over until the 28th? It's a no-time waiver." The court stated, "It's not past the last day," and Sims's counsel added, "There was a ruling. The last day is May 7th." The prosecutor responded, "As long as that's clear. [Smith's counsel] has been objecting all this time on [Smith's] matter." The court stated, "I have it listed as May 7th as the last day." Shortly thereafter, Smith's counsel appeared and objected to the continuance.

When the case was called on April 28, the prosecutor noted that Smith's counsel "has been here every day to object." The court stated, "Let's roll it over until tomorrow." Smith unsuccessfully moved to dismiss the charges.

On May 1, Smith sought a writ of mandate in the Court of Appeal to stay further trial court proceedings against him. The Court of Appeal issued an order to show cause and subsequently directed the superior court to enter an order dismissing the information pending against Smith. We granted the People's petition for review, and held the case pending our consideration and resolution of a related speedy-trial issue in the case of *People v. Sutton* (2010) 48 Cal.4th 533 (*Sutton*). Thereafter, we transferred the case to the Court of Appeal with directions to reconsider the cause in light of *Sutton*.

## B. *Sutton*

In *Sutton*, *supra*, 48 Cal.4th 533, we addressed the right to a speedy trial under section 1382.[3] In *Sutton*, appointed counsel for one of two codefendants

---

[3] As relevant here, section 1382 provides: "(a) The court, *unless good cause to the contrary is shown*, shall order the action to be dismissed in the following cases: [¶] . . . [¶] (2) In a felony case, when a defendant is not brought to trial within 60 days of the defendant's arraignment on an indictment or information . . . . However, an action shall not be dismissed under this paragraph

*(footnote continued on next page)*

4

was unexpectedly engaged in another trial on the 60th day after the defendants'
arraignment, but anticipated that the other trial would be completed very shortly.
Based on these circumstances, the trial court found good cause to continue the trial
of both defendants on a day-to-day basis, over the defendants' repeated objections,
to the 66th day after arraignment, at which time counsel who had been engaged in
another trial informed the court that his conflicting trial was completed. (*Id*. at
pp. 542-544.) We granted review in *Sutton* to address whether counsel's
engagement in another trial constituted good cause for the continuance.

We observed in *Sutton* that "a number of factors are relevant to a
determination of good cause" under section 1382 to continue a trial beyond the 60-
day period: "(1) the nature and strength of the justification for the delay, (2) the
duration of the delay, and (3) the prejudice to either the defendant or the
prosecution that is likely to result from the delay. [Citations.] Past decisions
further establish that in making its good-cause determination, a trial court must
consider all of the relevant circumstances of the particular case, 'applying
principles of common sense to the totality of circumstances . . . .' [Citations.] The
cases recognize that, as a general matter, a trial court 'has broad discretion to
determine whether good cause exists to grant a continuance of the trial' [citation],
and that, in reviewing a trial court's good-cause determination, an appellate court

---

*(footnote continued from previous page)*

if either of the following circumstances exists: [¶] (A) The defendant enters a
general waiver of the 60-day trial requirement. . . . [¶] (B) The defendant requests
or consents to the setting of a trial date beyond the 60-day period. . . . Whenever a
case is set for trial beyond the 60-day period by request or consent, expressed or
implied, of the defendant without a general waiver, the defendant shall be brought
to trial on the date set for trial or within 10 days thereafter." (§ 1382, subd. (a),
italics added.)

applies an 'abuse of discretion' standard." (*Sutton, supra*, 48 Cal.4th at p. 546, fn. omitted.)

With respect to the defendant whose counsel had been engaged in another trial, we distinguished a continuance resulting from unforeseen consequences from a continuance resulting from the state's failure to provide enough public defenders, and concluded that the trial conflict in *Sutton* "was the type of contingency that may occur even in a reasonably funded and efficiently administered trial court system that handles a large volume of criminal cases." (*Sutton, supra*, 48 Cal.4th at p. 554; see *People v. Johnson* (1980) 26 Cal.3d 557 [delay resulting from the failure of the state to provide enough public defenders is not good cause for a continuance].)

With respect to the defendant whose counsel was ready to proceed to trial within the 60-day period, we relied first on section 1050.1 in concluding that the continuance was permissible as to that defendant. Section 1050.1 provides that, when the trial of one jointly charged defendant is continued for good cause, "the continuance shall, upon motion of the prosecuting attorney, constitute good cause to continue the remaining defendants' cases so as to maintain joinder." We concluded that because the continuance of the first defendant's trial was supported by good cause, the continuance of the second defendant's trial was also supported by good cause under section 1050.1.**4**

---

**4** The defendant in *Sutton*, whose counsel had been ready for trial, asserted that section 1050.1 did not apply because the prosecutor had not moved to continue the second defendant's trial. We disagreed, and held that section 1050.1 does not require an explicit motion by the prosecutor. "The statute does not purport to preclude a trial court from finding that the state interest in a joint trial constitutes good cause for a continuance in the absence of such a motion by the prosecuting attorney, and the evident legislative intent underlying the statute — to facilitate joint trials and to minimize the instances in which a severance is required

*(footnote continued on next page)*

6

In *Sutton*, we also identified a second basis that supported the continuance of the trial of the joined defendant. "[L]ong before the enactment of section 1050.1 in 1990, California decisions had recognized that a trial court properly may find that the significant state interests that are furthered by conducting a single trial of jointly charged criminal defendants constitute good cause to continue a codefendant's trial beyond the presumptive statutory period designated in section 1382." (*Sutton, supra*, 48 Cal.4th at p. 559.) Although the state interests in a joint trial must be "especially compelling" if the continuance to allow a joint trial will be lengthy, "when the proposed delay to permit a single joint trial is relatively brief, the substantial state interests that are served in every instance by proceeding in a single joint trial generally will support a finding of good cause to continue the codefendant's trial under section 1382, even when there is no indication that, were the defendants' trials to be severed, the separate trials would be unusually long or complex." (*Id*. at p. 560.) We disapproved *Sanchez v. Superior Court* (1982) 131 Cal.App.3d 884 (*Sanchez*), *People v. Escarcega* (1986) 186 Cal.App.3d 379 (*Escarcega*), and *Arroyo v. Superior Court* (2004) 119 Cal.App.4th 460 (*Arroyo*) "to the extent they hold or suggest that the state interests served by a joint trial cannot constitute good cause under section 1382 to continue a codefendant's trial beyond the presumptive statutory deadline." (*Sutton, supra*, at p. 562.) After *Sutton* became final, we transferred the present case to the Court of Appeal for reconsideration in light of *Sutton*.

---

*(footnote continued from previous page)*

— is consistent with a trial court's authority to make such a good cause determination on its own." (*Sutton, supra*, 48 Cal.4th at p. 559.)

### C. The opinion of the Court of Appeal after *Sutton*

In its review of our opinion in *Sutton, supra*, 48 Cal.4th 533, the Court of Appeal focused on our observation that " '*when*, as here, two defendants are jointly charged in an information and *the trial court continues the trial as to one of the defendants for good cause*, section 1050.1 provides that the continuance of the trial as to that defendant constitutes good cause to continue the trial "a reasonable period of time" as to the other defendant in order to permit the defendants to be tried jointly.' " (Quoting *Sutton, supra*, 48 Cal.4th at p. 558, italics added by Ct. of Appeal.) The Court of Appeal acknowledged this court's recognition that the state interests in maintaining joinder can constitute good cause to delay a trial, and that we disapproved language in *Sanchez, supra*, 131 Cal.App.3d 884, and *Arroyo, supra,* 119 Cal.App.4th 460, to the contrary. It observed, however, that *Sutton* addressed a continuance to maintain joinder where the codefendant's case has been continued *for good cause*. The Court of Appeal distinguished that scenario from the present case, in which Smith's trial was continued to maintain joinder when Sims's case was further continued to a later date *within section 1382's 10-day grace period*, and observed that "[t]he People did not demonstrate good cause to delay Smith's trial beyond April 27."

In response to the People's reliance on the state's interests in joinder as a basis for the continuance of defendant Smith's trial during the 10-day period, the Court of Appeal stated that "in all of the cases in which joinder interests have been found to outweigh speedy trial rights, some valid justification for delay has been presented — for example, that the continuance was necessary to ensure the codefendant's right to effective assistance of counsel. [Citations.]" It also rejected the People's contention that *Sutton* overruled *Sanchez* and *Arroyo*, noting that we disapproved only the statements that interests in joinder cannot constitute good cause to continue a codefendant's trial. Finally, in response to the People's

8

observation that the continuance in this case was short and apparently did not adversely affect Smith's ability to defend himself, the Court of Appeal observed that these circumstances are relevant only after good cause for delay is identified.

Having distinguished *Sutton*, the Court of Appeal turned to the language of section 1382. It noted that the 10-day grace period is allowed when "the defendant" has requested or consented to the setting of a trial date beyond the 60-day period. It concluded that "[a]dopting the People's interpretation would ignore the Legislature's use of the word 'defendant,' rather than 'the defendant, or any jointly charged defendant.' Had the Legislature intended that section 1382, subdivision (a)(2)(B), also apply to an objecting codefendant, it could have said so. It did not." (Fn. omitted.) It also observed that when the Judicial Council recommended adoption of the legislation that added the 10-day period in 1959, the Judicial Council "did not address the codefendant situation."

The Court of Appeal rejected the People's contention that section 1050.1 extends the 10-day grace period to codefendants in these circumstances. As noted above, section 1050.1 provides that when the trial of one defendant is continued for good cause, that continuance constitutes good cause to continue the other defendants' cases for a reasonable period of time in order to maintain joinder. The Court of Appeal stated that "[n]othing in the text of section 1050.1, or its history, suggests that the electorate intended the 10-day grace period of section 1382 should thereby automatically apply to the trial of an objecting codefendant." It added that the speedy trial provisions of section 1382 and the interests in joinder recognized in section 1050.1 can be harmonized without interpreting section 1050.1 to authorize a continuance whenever one defendant is subject to the 10-day grace period. Here, according to the Court of Appeal, when Sims's counsel was ready for trial on April 27, Smith's speedy trial rights could have been preserved and severance would not have been required if both cases had gone to trial that

9

day.  The Court of Appeal "acknowledge[d] that the People may be placed in the difficult circumstance of being required to proceed on a date certain when delay is caused entirely by a jointly charged codefendant, and not by action or inaction attributable to the prosecution.  If the Legislature wishes to address this situation, it must say so."**5**

The Court of Appeal ordered issuance of a peremptory writ of mandate directing the trial court to dismiss the information pending against Smith.  We granted the People's petition for review.

## II. Is a continuance of a codefendant's trial beyond section 1382's 60-day period to permit a joint trial permissible *only* if the trial date for the other defendant has been continued for good cause, or may the state interests in joinder constitute good cause to justify a continuance of a codefendant's trial for a reasonable period of time?

The Court of Appeal's conclusion rests on the premise that a continuance of a defendant's trial to maintain a joint trial is permissible only under the provisions set forth in section 1050.1, and thus is permissible only if the other defendant's trial date has been continued for good cause.  As we explained in *Sutton*, however, even before the enactment of section 1050.1, California cases recognized that the state's interests in a single joint trial constitute good cause for delaying a jointly charged defendant's trial, and thus the propriety of such a delay does not rest upon section 1050.1 alone.  Nothing in the language of section 1050.1 suggests that it was intended *to limit* a trial court's authority under section 1382 to continue a codefendant's trial in order to facilitate a joint trial to the circumstances set forth

---

**5**    As noted above, the People did not seek a continuance on April 27.  Rather, the trial court apparently was not in a position to send the case to trial on that date and continued the trial to a later date within the 10-day period.

10

in section 1050.1.  The history and purpose of section 1050.1 — which was adopted as section 22 of Proposition 115, the Crime Victims Justice Reform Act, a 1990 initiative measure that made numerous constitutional and statutory changes to the state's criminal justice system — belie any such suggestion.  (See *Raven v. Deukmejian* (1990) 52 Cal.3d 336, 343; Ballot Pamp., Primary Elec. (June 5, 1990) analysis of Prop. 115 by Legis. Analyst, p. 33; Ballot Pamp., *supra,* argument in favor of Prop. 115, p. 34.)  Further, as noted above, in *Sutton*, we disapproved *Sanchez, supra*, 131 Cal.App.3d 884, *Escarcega, supra*, 186 Cal.App.3d 379, and *Arroyo, supra*, 119 Cal.App.4th 460, "to the extent they hold or suggest that the state interests served by a joint trial cannot constitute good cause *under section 1382* to continue a codefendant's trial beyond the presumptive statutory deadline."  (*Sutton, supra*, 48 Cal.4th at p. 562, italics added.)

Like the Court of Appeal, Smith maintains that it would be inconsistent with the terms of section 1382 to allow his case to be continued along with Sims's case to a date within the 10-day grace period.  He observes that section 1382, subdivision (a)(2)(B) refers to "the defendant" who requests or consents to the setting of trial beyond the 60-day period and states that "the defendant" shall be brought to trial within 10 days of the new trial date.  He notes that this provision is silent with respect to codefendants, and he asserts that applying the 10-day period to him would rewrite the statute to state that "the defendant and any joined codefendants" shall be brought to trial within 10 days.  As we explain, our construction of the statutory scheme does not interpret section 1382's reference to "the defendant" to mean "the defendant and any joined codefendants."  Rather, we conclude that when the trial court continues the trial of "the defendant" to a date within section 1382's 10-day grace period, the state's strong interests in conducting a single joint trial provide good cause, within the meaning of the first

11

sentence of section 1382, to also continue the trial of a codefendant's case to maintain joinder.  (§ 1382, subd. (a).)

As the Court of Appeal noted, it appears the common reason that one codefendant's trial date is set beyond the ordinary statutory deadline is because there is good cause to continue that defendant's case.  Nothing in the language of section 1382, however, restricts application of the statute's good cause exception with respect to the second codefendant only to situations in which the first codefendant's trial is continued for good cause.  Once Sims's trial was continued on April 27 pursuant to section 1382's 10-day grace period, the relevant issue under section 1382 with respect to Smith was whether there was good cause to continue Smith's trial.  As we held in *Sutton*, when the delay will be relatively short, the substantial state interests that are served by a joint trial provide good cause to continue a codefendant's trial under section 1382.  (*Sutton, supra*, 48 Cal.4th at p. 560.)

It is worth noting in this regard that the general rule that a codefendant's trial may be continued for a reasonable period to maintain joinder, and that such a continuance does not violate that codefendant's speedy trial rights, is by no means unique to California.  The federal Speedy Trial Act of 1974 provides that in computing the time within which a case must be brought to trial, the court shall exclude "[a] reasonable period of delay when the defendant is joined for trial with a codefendant as to whom the time for trial has not run and no motion for severance has been granted."  (18 U.S.C. § 3161(h)(6); see *Henderson v. United States* (1986) 476 U.S. 321, 323, fn. 2 ["All defendants who are joined for trial generally fall within the speedy trial computation of the latest codefendant"]; *United States v. Messer* (9th Cir. 1999) 197 F.3d 330, 336 ["It is well established that an exclusion from the Speedy Trial clock for one defendant applies to all codefendants"].)

12

The factual situation presented in *Arroyo, supra*, 119 Cal.App.4th 460 — one of the cases discussed in *Sutton, supra*, 48 Cal.4th at pages 561-562 — provides an illustration of one circumstance in which the continuance of a defendant's trial to permit a joint trial may be permissible even when the other defendant's trial date has not been continued for good cause. Defendant Arroyo and two codefendants were indicted on October 7 in Orange County. All three defendants were charged jointly in one indictment. Arroyo appeared in court for arraignment in Orange County on October 21, but codefendant Amaya failed to appear because she was in custody in San Bernardino County on another charge, and the third codefendant never appeared. Thereafter, Arroyo's case was set for trial in Orange County on December 15. Amaya's San Bernardino case was concluded on December 2, and she appeared in Orange County for arraignment on December 12, the same day as Arroyo's pretrial hearing, at which he opposed any continuance of his trial. Amaya's case was set for trial in Orange County on January 26. On December 15, the prosecutor requested that Arroyo's trial date be continued in the interest of judicial economy to allow a joint trial with Amaya. The trial court found good cause to continue Arroyo's trial until the date set for Amaya's trial.

In these circumstances, Amaya's trial date was set beyond Arroyo's 60-day speedy trial deadline, not for good cause, but rather because the delay in Amaya's arraignment meant that the 60-day period within which her case was to be brought to trial began running 52 days after Arroyo's 60-day period began. Because the setting of Amaya's trial date after Arroyo's date was not based on good cause, by its terms section 1050.1 did not authorize a continuance of Arroyo's trial beyond the statutory deadline to maintain joinder. Under section 1382, however, the date by which Arroyo was to be brought to trial could be continued beyond the 60-day period for good cause (§ 1382, subd. (a)), and as we explained in *Sutton, supra*,

13

48 Cal.4th 533, "when the proposed delay to permit a single joint trial is relatively brief, the substantial state interests that are served in every instance by proceeding in a single joint trial generally will support a finding of good cause to continue the codefendant's trial under section 1382, even when there is no indication that, were the defendants' trials to be severed, the separate trials would be unusually long or complex." (*Id*. at p. 560.)

In *Arroyo, supra*, 119 Cal.App.4th 460, the Court of Appeal concluded that "the trial court relied on maintaining joinder alone as the sole reason for continuance, without regard to any competing factors." (*Id*. at p. 467.) We agree that a trial court must consider all of the relevant circumstances, including the codefendant's right to a speedy trial, but as we indicated in *Sutton, supra*, 48 Cal.4th 533, in every case substantial state interests are served by a joint trial. Among those interests is the reduction in the expenditure of judicial resources, including the expense of courtrooms, judges, and other court staff. In addition, only one set of jurors must serve, and crime victims and witnesses will be burdened by only a single trial. Finally, the public and all involved in the criminal system are benefited by reduced delay in the resolution of criminal charges. (*Id*. at p. 560, fn. 15.)

Although a trial court generally must consider all relevant circumstances in deciding whether and for how long to continue a second defendant's trial, when the first defendant's trial is continued to a date within section 1382's 10-day period, the trial court need not evaluate on a case-by-case basis whether a parallel delay of the second defendant's trial (within the 10-day period) is for a reasonable period of time. As we explain below, the Legislature has determined, as a matter of law, that 10 days is a reasonable period to allow both the trial court and the

14

prosecution the scheduling flexibility required to bring a case to trial after the 60-day period has passed.**6**

Section 1382's 10-day grace period was added in 1959. (Stats. 1959, ch. 1693, p. 4093.) Prior to the 1959 amendment, the statute was silent with respect to a defendant's rights if the defendant consented to a delay in the trial date beyond the first 60 days. "There was no provision for a 10-day 'grace period,' and the statute was unclear as to whether an accused who obtained a postponement of his trial to a date past the 60-day limit thereby lost forever his statutory rights to a speedy trial and a dismissal." (*Owens v. Superior Court* (1980) 28 Cal.3d 238, 244 (*Owens*).) We had recognized, however, that the defendant's "consent to delay beyond the 60-day period does not amount to a waiver of his constitutional right to a speedy trial nor of the requirement that further delay must be justified on grounds of reasonableness and good cause." (*In re Lopez* (1952) 39 Cal.2d 118, 120 (*Lopez*).) Thus, prior to the 1959 amendments, "a defendant was entitled to go to trial, in cases where he had consented to a continuance beyond the prescribed period, on the date to which he last consented unless good cause for further delay was shown." (*Malengo v. Municipal Court* (1961) 56 Cal.2d 813, 815.)

In its Seventeenth Biennial Report to the Governor and the Legislature, the Judicial Council expressed the view that "Section 1382 is in need of clarification."

---

**6** In this case the continuance was granted within the 10-day period in view of the trial court's need for flexibility, but we have also recognized that the statutory 10-day period furthers the People's need for time to prepare for trial. "In addition to enabling courts to ensure the availability of judicial resources, the 10-day grace period afforded by section 1382(a)(3)(B) . . . also 'protects the People by giving them 10 days if necessary.' [Citations.]" (*Barsamyan v. Appellate Division of Superior Court* (2008) 44 Cal.4th 960, 978 (*Barsamyan*).)

15

(Jud. Council of Cal., Seventeenth Biennial Rep. (1959) p. 31.) One of the ambiguities noted in the report was the statute's silence with respect to the recourse available to a defendant once he or she consented to a postponement beyond the 60-day period. The Judicial Council's report also observed that courts had held that "the defendant must be brought to trial within a reasonable time thereafter and that further delay must be justified by showing good cause . . . ." (*Ibid*.) Among the cases cited in connection with this observation were *Lopez, supra*, 39 Cal.2d at page 120, which concluded that a 21-day delay was not unreasonable when the court was engaged in other trials; *People v. Smith* (1957) 153 Cal.App.2d 84, 87, which concluded that a two-week delay "was clearly not unreasonable, and good cause is shown by the congestion of the court's calendar"; and *Stewart v. Superior Court* (1955) 132 Cal.App.2d 536, 539, which did not decide whether there was good cause for the delay due to court congestion, but concluded that a 40-day delay was not unreasonable. (Jud. Council of Cal., Seventeenth Biennial Rep., *supra*, p. 32, fn. 42.)

To clarify section 1382, the Council "recommended that the section be amended to provide for dismissal of all cases not brought to trial within the statutory period (unless good cause is shown) except when the defendant has consented to the trial being set beyond the statutory period, and that in the latter situation the case must be dismissed if it is not brought to trial within 10 days after the last date for trial to which the defendant consented. This will clarify the present rule by (a) establishing that dismissal under Section 1382 may be had even though the defendant has previously consented to a delay beyond the statutory period, [and] (b) *fixing 10 days as a reasonable time for trial* after expiration of

the period consented to by the defendant . . . ."**7** (Jud. Council of Cal., Seventeenth Biennial Rep., *supra*, at p. 32, italics added.) "[B]ecause the Judicial Council's proposed amendment to section 1382 was adopted verbatim in the 1959 legislative enactment, we can conclude that the Judicial Council's explanation of the measure reflected legislative intent." (*Barsamyan, supra*, 44 Cal.4th at p. 976.) Thus, the Legislature has determined that 10 days will never be an unreasonable period of time to allow the court and prosecution to bring the case to trial.

It is also unnecessary for the prosecutor to make a particularized showing or for the trial court to make a case-specific determination that there is good cause for a continuance within the 10-day grace period in order to justify a trial continuance for both defendants within the 10-day period. With respect to the defendant who causes the case to exceed the 60-day period, the legislative history and our case law make clear that the trial court and the prosecution are entitled to a 10-day grace period without any particularized showing of good cause. (See *Barsamyan, supra*, 44 Cal.4th at pp. 970-971; *Malengo v. Municipal Court, supra*, 56 Cal.2d at pp. 815-816.) With respect to the joined defendant, we explained in *Sutton, supra*, 48 Cal.4th 533, that "when the proposed delay to permit a single joint trial is relatively brief, the substantial state interests that are served *in every instance* by proceeding in a single joint trial generally will support a finding of good cause to continue the codefendant's trial under section 1382, even when

---

**7**     This recommendation was made pursuant to the Judicial Council's constitutional mandate to report to the Governor and the Legislature " 'with such recommendations as it may deem proper,' " and to " 'submit to the Legislature . . . its recommendations with reference to amendments of, or changes in, existing laws relating to practice and procedure.' " (*Owens, supra*, 28 Cal.3d at p. 245; see Cal. Const., art. VI, former § 1a [repealed Nov. 8, 1966; now art. VI, § 6].)

17

there is no indication that, were the defendants' trials to be severed, the separate trials would be unusually long or complex." (*Id*. at p. 560.) This recognition, together with the Legislature's determination that 10 days will never be an unreasonable period of delay to allow the prosecution and the trial court to prepare for trial, establishes that there is always good cause to continue a codefendant's trial within section 1382's 10-day grace period to maintain joinder. Therefore, no particularized or case-specific showing or finding of good cause is required.

Smith states that we rejected "automatic joinder" in *Sutton, supra*, 48 Cal.4th 533, and that good cause must be found on a case-by-case basis. The passage in *Sutton* he cites in support of this contention, however, concerned trial delays caused by conflicting obligations of a public defender or appointed counsel to multiple clients. (See *Sutton, supra*, 48 Cal.4th at p. 557, fn. 13.) In that context, we rejected the Attorney General's suggestion that such counsel should be allowed to waive a client's statutory speedy trial rights, over the client's objection, to fulfill counsel's obligations to another client. We concluded instead that a trial court should consider on a case-by-case basis whether counsel's conflicting obligations are the result of the state's chronic failure to provide a sufficient number of defense counsel or, as in *Sutton*, are the result of a contingency that may occur even in reasonably funded courts. In contrast, the continuance at issue in this case fell within the 10-day period provided by the Legislature to allow the trial court to adjust its trial calendar.

Smith also asserts there was no need to continue the trial to maintain joinder. "If a joint trial had started immediately after good cause [as to Sims] dissipated, joinder would have been maintained." Although it appears that both defendants as well as the prosecutor were prepared to proceed to trial on April 27, the trial court was not. The trial court's need for reasonable flexibility is accommodated by section 1382's grace period, and defendants' right to a speedy

18

trial is protected by the 10-day limit upon that grace period. This interpretation harmonizes the relevant provisions and protects all of the relevant interests. (See *Sutton, supra*, 48 Cal.4th at p. 559 [significant state interests are served by conducting joint trials]; *Barsamyan, supra*, 44 Cal.4th at p. 978 [10-day grace period protects the defendant's right to a speedy trial, enables the court to ensure judicial resources are available, and protects the People by allowing them time to prepare].)

Amicus curiae, the Public Defender of the County of Los Angeles, raises the specter that one defendant will be able unilaterally to waive the speedy trial rights of codefendants. He notes that if Sims had consented to a delay within section 1382's 10-day period, a new 10-day period would have been initiated. (*Barsamyan, supra*, 44 Cal.4th at p. 979.) Similarly, if a defendant consents to a continuance beyond the initial 60-day period, that defendant's trial date is *properly* continued beyond the speedy trial deadline under the statutory scheme, but the continuance may not be for good cause. In the event one jointly charged defendant waives the time limits of section 1382, the trial court must consider all of the circumstances, including the situation of each defendant and the prosecutor's position, to determine whether to allow a continuance and for how long. When a trial court concludes that it is appropriate to allow one defendant a reasonable period of delay and that a codefendant's trial should be continued to maintain joinder, the trial court's ruling is not tantamount to allowing one defendant unilaterally to waive the speedy trial rights of another. Rather, it is the trial court that is granted discretion under section 1382 to determine when there is good cause to delay trial to maintain joinder, and its order represents a balancing

19

of all interests, not merely the preference of the defendant who requests or consents to delay.**8**

## IV. CONCLUSION

Under section 1382, when one codefendant's trial is continued to a date within section 1382's 10-day grace period, the state's strong interests in joinder provide good cause to continue the trial for all properly joined codefendants to the same date within the 10-day period. Therefore, the trial court did not abuse its discretion in continuing Smith's trial to a date within the 10-day period in order to permit Smith and Sims to be tried in a single joint trial. The judgment of the Court of Appeal is reversed.

CANTIL-SAKAUYE, C. J.

WE CONCUR:

KENNARD, J.
BAXTER, J.
CHIN, J.
CORRIGAN, J.
LIU, J.

---

**8** We note that our holding in this case — that the state's interests in a joint trial may constitute good cause to continue a codefendant's trial so as to retain joinder whether or not the continuance of the other codefendant's trial was based on good cause — does not render section 1050.1 meaningless. Under section 1050.1, when one codefendant's case is continued for good cause, a trial court is required to find that there is "good cause to continue the remaining defendants' cases so as to maintain joinder" and may not sever the cases "unless it appears to the court . . . that it will be impossible for all defendants to be available and prepared within a reasonable period of time." When the terms of section 1050.1 do not apply, a trial court retains its usual discretion to determine, under all the circumstances, whether there is good cause to continue a codefendant's trial to maintain joinder.

**CONCURRING OPINION BY WERDEGAR, J.**

I agree with the majority that the trial court properly continued defendant Smith's trial to a date within the 10-day grace period afforded by Penal Code section 1382[1] in order to preserve joinder. My reasons differ.

The plain language of the relevant statutes, as I read them, supports the trial court's ruling. Any continuance granted under section 1382 with the express or implied consent of one jointly charged codefendant necessarily includes a 10-day grace period. (See § 1382, subd. (a)(2)(B).) Furthermore, under section 1050.1, the continuance granted to the consenting codefendant applies to the nonconsenting codefendant. As the statute provides, "[i]n any case in which two or more defendants are jointly charged . . . , and the court . . . for good cause shown, continues the . . . trial of one or more defendants, *the continuance* shall . . . constitute good cause to continue the remaining defendants' cases so as to maintain joinder." (§ 1050.1, italics added.) In other words, the entire "continuance" to which section 1050.1 refers is defined by section 1382 as including a 10-day grace period. The Court of Appeal, which read the statute differently, asserted that nothing in the legislative history of section 1050.1 " 'suggest[s] that the electorate intended the 10-day grace period . . . should . . . automatically apply to the trial of an objecting codefendant.' " (As quoted in maj.

---

[1]  All statutory citations are to the Penal Code.

1

opn., *ante*, at p. 9.)  But neither does anything in the legislative history suggest the electorate intended the 10-day grace period *not* to apply.  In any event, we have never held that a statute's plain meaning requires confirmation in extrinsic sources.  Indeed, the rule is to the contrary.  (E.g., *Ste. Marie v. Riverside County Regional Park & Open-Space Dist.* (2009) 46 Cal.4th 282, 288 [" 'If the language of the statute is not ambiguous, the plain meaning controls and resort to extrinsic sources to determine the [enacting body's] intent is unnecessary.' "].)

Because section 1050.1 did authorize the trial court to continue defendant Smith's trial to maintain joinder, I would not reach the question whether the court had power to make the same ruling under section 1382, without regard to section 1050.1.  I do not read *People v. Sutton* (2010) 48 Cal.4th 533, which relied both on section 1382 and on section 1050.1 (see *Sutton*, at pp. 558, 562), as resolving that issue.

WERDEGAR, J.

2

*See next page for addresses and telephone numbers for counsel who argued in Supreme Court.*

**Name of Opinion** Smith v. Superior Court

_____

**Unpublished Opinion**
**Original Appeal**
**Original Proceeding**
**Review Granted** XXX 189 Cal.App.4th 769
**Rehearing Granted**


_____

**Opinion No.** S188068
**Date Filed:** July 2, 2012

_____

**Court:** Superior
**County:** San Francisco
**Judge:** Ksenia Tsenin


_____

**Counsel:**

Jeff Adachi, Public Defender, Christopher F. Gauger, Managing Attorney, Teresa Caffese, Chief Attorney, Doug Welch and Charmaine Yu, Deputy Public Defenders, for Petitioner.

Ronald L. Brown, Public Defender (Los Angeles) and John Hamilton Scott, Deputy Public Defender, for Public Defender of Los Angeles County as Amicus Curiae on behalf of Petitioner.

No appearance for Respondent.

Edmund G. Brown, Jr., and Kamala D. Harris, Attorneys General, Dane R. Gillette, Chief Assistant Attorney General, Gerald A. Engler, Assistant Attorney General, Laurence K. Sullivan, Stan Helfman and Masha Dabiza, Deputy Attorneys General, for Real Party in Interest.

*Counsel who argued in Supreme Court (not intended for publication with opinion):*

Christopher F. Gauger
Managing Attorney
555 Seventh Street
San Francisco, CA  94103
(145) 553-9734

Masha Dabiza
Deputy Attorney General
455 Golden Gate Avenue, Suite 11000
San Francisco, CA  94102-7004
(415) 703-5854